Pearson, J.
 

 Tlie position that a conveyance of slaves made with an intent to hinder, delay and defraud
 
 creditors,
 
 is void against a subsequent purchaser, who bought “ in good faith, and paid therefor a fair price,” is not supported by any statutory provision, or by any principle of the common law.
 

 The Act which protects subsequent purchasers against fraudulent conveyances, by its terms, is confined to “ lands and hereditaments.” Rev. Code, eh. 50, sec. 2, (27 Eliz.) It of course, does not apply to slaves.
 
 Garrison
 
 v.
 
 Brice,
 
 ante 85. After some hesitation, it was held to apply to copy-hold estates,
 
 Doe
 
 v.
 
 Rutledge,
 
 2 Cowper’s Rep. 710 ; but there is no intimation to be met with in the books that it applies to personal property.
 

 The common law protected against fraud, only such rights
 
 as existed at the Ume of the conveyance.
 
 One who acquired a fight after the conve_yance, was without remedy except in a Court of Equity. Upon this principle it w^as held, that aliusband had no remedy at Law against a conveyance made by the wife shortly before the marriage, with an intent to defraud him of his marital rights.
 
 Logan
 
 v.
 
 Simmons,
 
 1 Dev. and Bat. 13. But relief was given in Equity.
 
 Logan
 
 v.
 
 Simmons,
 
 3 Ire. Eq. 494. Indeed, the principle has’been settled ever since
 
 Twyne’s case
 
 3 Coke’s Rep. 83 . 1 Smith’s Leading cases, 8. “ It was agreed that by the common Law an estate made by fraud, should be avoided only by him who had a former right, title, interest, debt or demand, as by 33, II. 6, a sale in open market by covin shall not bar a right which is more ancient: nor a co vinous gift shall not defeat execution in respect of a former debt, as it is agreed in 22 Ass. 72 ; but he wdio hath right, title, interest, debt or demand more puisne, shall not avoid a gift or estate precedent by fraud, by the common law.” At page 14,
 
 Mr. Smith
 
 remarks, “ the statute 27 Eliz. was perhaps a more beneficial enactment than that of 13 Eliz., for it has been laid down that at common law no fraud was
 
 *293
 
 remedied which should defeat an after purchase, but only that which was committed to defraud a former interest. Cro. Eliz. 445 and 7 and 8 pp. supra : yettliereisatiiciwiof Lord Mansfield to the contrary in
 
 Cadogan
 
 v. Kennett, Cowp. 434.”
 

 The 13 Eliz. is declaratory of the common law so far as regards existing creditors. The remedy given to subsequent creditors rests upon the enactment of the Statute. In this sense it is sometimes said that 13 Eliz. was in affirmance of the common law. But the remedy given to subsequent purchasers by the Stat. 27 Eliz. rests wholly upon the enactment of the Statute. Co. Lit. 290 b. 3 Ba. Ab. Tit. “ Fraud” p. 307.
 

 In
 
 Cadogan
 
 v. Kennett, the question was whether a settlement made by a husband in consideration of the marriage and of £10.000, Ids wife’s portion (which was supposed to be more than the amount of his debts) of all his real estate and likewise his
 
 house-hold
 
 goods, his real estate alone not being thought an adequate settlement, in trust to himself for life, remainder to his wile for life, remainder to the children of the marriage, was void against a
 
 creditor at the time
 
 of the settlement, under 13 Eliz. It was decided that the settlement was good against creditors ; but Lord Mansfield in his sweeping manner, commences his opinion with this broad proposition, i. e., “ The principles and rules of the common law, as now universally known and understood, are so strong against fraud in every shape, that the common law would have attained every end proposed by the statutes 13 and 27 Eliz.” This proposition has never received the sanction of any adjudication, and is treated by
 
 Mr. Smith
 
 and other writers as a
 
 dictum.
 
 It certainly is a striking illustration of his Lordship’s proneness to break through the distinction between Law and Equity.
 

 Our attention was called, in the argument, to
 
 Plummer
 
 v. Worley, 13 Ire. 423, where Ruffin, C. J., uses this language:
 
 “
 
 It is true, that the Statute of 27 Eliz. is in its terms confined to lands, but it has been often said that it was but in affirmance of the common law.” It is apparent, reference is here made to the dictum of Lord Mansfield, and the inference is
 
 *294
 
 indistinctly suggested that the principle of 27 Eliz. might be extended to “ things personalbut the idea is not followed out, and the decision is put on the ground, that the pretended sale to plaintiff’s intestate under the circumstances, did notin fact pass the title. The subject matter being a horse, in the transfer of which no ceremony or form is requisite, and it being considered that it amounted to a mere pretended transfer to baffle creditors, leaving the actual ownership in the debtor who had “ authority as the secret
 
 cestui qv,e
 
 trust, or as the agent of the pretended purchaser to dispose of the property by saleof course the title having never been out of the debtor, passed by sale to defendant.
 

 But in our case the subject matter is a slave, and a deed is made use of to pass the title. In the absence of statutory provision, making it void against a subsequent purchaser, the legal effect of the deed was to take the title out of the debtor and vest it in the plaintiff’s intestate, notwithstanding a fraudulent intent in regard to creditors, and tlie trust intended for tire debtor. The legal title being out of him, it follows that he could pass nothing by the deed subsequently executed to defendant’s intestate. Whether it passed the supposed Rust so as to entitle the defendant to relief in Equity, is not for us now to say, as it cannot affect the rights of the parties at law.
 

 So the case is distinguishable from
 
 Plummer
 
 v.
 
 Worley,
 
 and is governed by that of
 
 Garrison
 
 v.
 
 Brice.
 

 We concur with the remark of Lord Kenyon, “it is safest to preserve the ancient landmarks of the law'.” If the dividing line betw'een Law and Equity be destroyed, the science of Law will be in utter confusion, and no one -will be able to see his way.
 

 It is not necessary to notice the other branch of the charge, as an error in this is decisive. There is error.
 

 Per Ouriam.
 

 Venire ele novo.