Pearson, J.
 

 At common law it was the creditor’s right to have his debtor confined in close prison “ to satisfy his debt.” Tin's right has been much modified and abridged by numerous statutes. That now under consideration, gives to prisoners liberty to walk within the prison bounds, provided bond be given “ to keep continually within the rules.”
 

 It was no doubt intended, by way of compensation to creditors for the abridgment of their right, not only to require the most ample security, but to make it available with the least delay that was possible. To these ends it is provided that the bond shall have the force of a judgment; that the proceedings for a breach of the condition shall be in a summary manner, so as to avoid the delay incident to an ordinary action; and that the execution of the bond shall not be denied except upon oath.
 

 But we can see nothing in the statute indicating that it was the intention to make so radical a change in the law as to take from the parties the right to have “the 'issues of fact” tried by a jury, and require such issues to be tried by the Court.
 

 It would, in the first place, require the use of express words to bring us to the conclusion that such was the intention of the Legislature; and, in the second place, it would become necessary to inquire how far such a change is consistent with the fundamental law of our government.
 

 The counsel for the plaintiff relied on the fact that the statute gives to the bond the force of a judgment, and cited
 
 Brown
 
 v. Frazier, 1 Murph. 421. We can see nothing in this to support the position that it was the intention that issues of fact should be tried by the Court. The words are satisfied by supposing the intention to be to make the security more ample by giving it the force of a judgment, whereby a lien upon the land, if an elegit is sued out, is created from the rendition of the judgment; and in the distribution of assets, if either of the obligors die, the bond will have the dig
 
 *288
 
 nity of a judgment, and take priority over specialty debts; but this does not alter the mode of trial, if issue be taken on any matter of fact
 
 in pais.
 

 In debt on a former judgment or a
 
 soi. fa.
 
 to revive, it is true, if issue be taken on “
 
 nul Hal reoordf
 
 that issue of fact is tried by the Court; but if issue be taken on the plea of “payment” or “release,” or any other matter
 
 in pais,
 
 the trial is by jury. So, upon a
 
 soi. fa.
 
 on a judgment upon a penalbond for the performance of covenantsoragreements,suggesting a further breach under 8 and 9 Will. 3,Nev. Code, ch.3i, sec. 58, if issue be taken on “ conditions performed no breach,” the trial is by jury. Here, we have an instance of a bond having passed into a judgment, analogous to that under consideration, except that in the one, a further breach is suggested upon
 
 soi. fa.,
 
 in the other, a breach is suggested upon motion after notice thereof.
 

 The case cited decides that an action cannot be maintained on the bond, as
 
 “
 
 a common law deed,” but “ it must be treated as a judgment, and the party must take the remedy thereon which the act proscribes.” Whether the remedy given by this statute is not
 
 cumulative,
 
 so that the creditor, for
 
 whose benefit it is given,
 
 might waive it, and elect to pursue his common law action, is not now the question ; for, admitting that he
 
 must
 
 take the remedy which the act prescribes, by suggesting a breach on motion, treating the bond as a judgment, we have seen, that in actions of debt or other proceedings on judgments, if issue be taken on a matter of fact
 
 in pais,
 
 the trial is by jury, and there is no intimation to the contrary in the case cited.
 

 In further support of his position, the counsel relied on the fact that the proceeding was to be summary, on motion, with out any formal process, declaration or pleas, or other matter tending to delay, and our attention was called to
 
 Northam
 
 v.
 
 Terry,
 
 8 Ire. Rep. 175. We see nothing in this to support his position. The words are satisfied by supposing the intention to be, to avoid the delay incident to the proceedings in an ordinary action, by dispensing with formal process and
 
 *289
 
 pleadings, and having a summary trial upon the matters about which the parties differ; for instance, it was not intended that the trial of the issues should be postponed until “ the next succeeding term, after they shall be made up,” as in ordinary cases, (Rev. Code, ch. 31, sec. 57,) but the trial was to be at the first term. A provision similar to this is made in express terms in regard to the trial of issues of fraud in the case of insolvent debtors. So, matters growing out of a motion on a forthcoming bond, or a motion against “ a sheriff or other officer for failing to pay over money which he has collected,” and other similar cases, where the remedy is summary, are all tried at the first term ; but if the parties differ about a matter of fact
 
 in pais,
 
 of course the trial is by jury. There is no more delay in trying a matter of fact by a jury than if the matter is tried by the Court, provided the trial is at the first term. The instances that judgment is rendered by the Court, on motion, without the intervention of a jury upon appeal bonds, recognizances and the like, do not bear upon the question; because, in such cases, the breach is known to the Court as a matter of record, and there can be no matter of fact
 
 in pais,
 
 to be tried. The case cited, decides that a bond taken before the debtor is in close prison, is void, under the act of 1777; and that the objection may be taken without the formal plea of
 
 non estfaotum
 
 put in on oath, as the
 
 execution
 
 of the bond is not denied. The decision docs not touch the point in our case ; and the only thing calculated in the least degree to support the position of the plaintiff’s counsel is a
 
 dictum
 
 thrown out by Ruffin, C. J., in the conclusion of his opinion. “The usual course is to hear affidavits on each side, on which the Court acts. No doubt, however, that in a proper ease, as where it is doubtful how the facts are, upon the proofs, the Court may direct an action to be brought, or direct an issue to be tried by a jury.”
 

 After laying down the proposition that the Court is to act upon the
 
 affidavits of the parties,
 
 a difficulty seems to have presented itself: suppose the parties differ as to the fact of a breach of the bond or matter arising upon other defenses; for
 
 *290
 
 instance,
 
 “
 
 that the creditor had assented to the debtor’s going out of the rules, or that the latter had paid the debt or; been in any other manner discharged.” To meet this difficulty, it is suggested that the Court may direct an action to be brought, or an issue to be tried by a jury. This is familiar practice in Courts of Equity, but an intimation that a
 
 Court of Law
 
 may direct an action to be brought when it is doubtful how the facts are upon the proofs, is no where else to be met with in the books, and the question is waived by the concluding remarks,
 
 “
 
 but the facts are not even disputed here, and the
 
 sole
 
 question was as to the validity of the bond, upon those facts, under the statute.”
 

 This dictum cannot be allowed to influence our opinion, for it is not supported by any authority or reason ; indeed, the reason is against it; for, if the Court may stop the proceeding and direct an action to be brought, (which conflicts with
 
 Brown
 
 v.
 
 Frazier
 
 supra,) that would necessarily cause delay, and defeat the intention to give a summary remedy; or, if the Court may direct an issue to be tried by a jury, that proves that there was no necessity, and consequently no intention to change the law in this particular, and depart from the ancient mode of trial by jury. There is no error.
 

 Per Curiam.
 

 Judgment affirmed.