Nash, C. J.
 

 The petitioner, claiming to be an insolvent debtor, has filed his petition to be released from imprisonment, under the provisions of the 4th section of the act of 1836. Seo Rev. Stat, ch. 58. In the County Court issues were ordered to. bo made up to try the facts involved in the case, and which were in contest between the parties. From this order the defendant appealed to the Superior Court, where the presiding Judge, being of opinion that, under the act of 1836, there was no necessity for issues, proceeded himself to hear and decido the facts alleged on each side. In this there is error. Iiis Honor was, no doubt, misled by tbe use of the word
 
 mmma/ry
 
 in tbe section of tbe act referred to ; supposing it
 
 *98
 
 to mean that the
 
 Court
 
 should try and decide the facts forthwith. In the case of
 
 Whitley
 
 v. Gaylord, 3 Jones’ Rep. 286, the term received a judicial construction, fixing its legal meaning. The proceedings in that case were upon a motion for judgment upon a bond to keep within the prison bounds. The defendant insisted that the case should go to the jury; of which opinion was the Court; the plaintiff contending, that as the judgment was a summary one, the Court should try the facts. The plaintiff appealed to this Court, and the judgment was affirmed. In the ojfinion, the Court say, “the words of the act are satisfied by supposing the intention to be to avoid the delay incident to the proceedings in an ordinary action, by dispensing with formal process and pleadings, and having a summary trial upon the fact about which the parties differ.”
 

 This is an authoritative decision as to the meaning of the words
 
 summary judgmmt,
 
 as used in the act under which the proceedings were had. In another part of the opinion, in speaking of the common law on the subject, and the alterations produced by the act, it is said, “Wo can see nothing in the act indicating it to be the intention of the Legislature to make so radical a change in the law as to take from the parties the right to have the issues tried by a jury.”
 

 The facts in this case ought to have been submitted to a jury.
 

 It is, however, said that the issues ought to have been made up in the County Court, and could not be made up in the Superior Court. In this position we do not concur. An appeal from the County to the Superior Court takes up the whole case, and it is to be tried there
 
 de novo.
 
 And such is the case where an interlocutory order disposes of the case. Otherwise, when such is not the case.
 
 Russell
 
 v. Saunders, 3 Jones’ Rep. 432
 
 ; Shoffner
 
 v.
 
 Fogleman,
 
 Busb. 280
 
 ; Johnson
 
 v.
 
 Sickes,
 
 (ante 70). So many cases decide this principle that it is not an open question. Eor this error the judgment is reversed, and this opinion is to be certified to Sampson Superior Court.
 

 Pee CueiaM. Judgment reversed.