PeabsoN, C. J.
 

 By the Revised Statutes, ch. 58, and the Revised Code, ch. 59, the several statutes relating to insolvent debtors are embodied into one statute, so as to form a sys
 
 *459
 
 tem, and it is proper that its several sections should be so construed as to produce uniformity in the mode of proceeding in respect to the whole. This result, which would seem to be a necessary consequence of the consolidation, is manifestly contemplated in the 18th and 19th sections of the 59th chapter of the Revised Code, by which it is provided that no issue of fraud shall be made up and tried under the provisions of
 
 this chapter,
 
 unless the creditor shall suggest fraud in writing, on oath, specifying the particulars, &c.; and no
 
 ea. so,.
 
 shall issue unless the plaintiff shall make affidavit in writing, &c. Accordingly, in
 
 Whitley
 
 v.
 
 Gaylord,
 
 3 Jones’ Rep. 286, it is decided that on motion for judgment, on a bond to keep the prison bounds, if the defendant pleads matter of fact in
 
 pais,
 
 he is entitled to have the issue tried by a jury; and in
 
 Purvis
 
 v.
 
 Robinson,
 
 4 Jones’ Rep. 96, it is decided that upon the petition, of a debtor, who is in
 
 close
 
 custody, for his discharge under the insolvent act, the creditor must suggest fraud in writing, on oath, and the issue must be tried by a jury. In that case, the petition was made to the County Court, but it might have been made, according to the provisions of the statute, to a Judge of the Superior or Supreme Court, or to any two j ustices of the peace of the county in which he was confined, and of course, the same proceedings been had. Consequently, that case is directly in point, and must govern this, although here, the petition happened to be made to two of the justices of the peace.
 

 The judgment of the Court below, dismissing the proceeding, must bo reversed, and this petition will be certified, and a writ
 
 oí procedendo
 
 issue.
 

 Pee Cubiam. Judgment reversed.