Pearson, C. J.
 

 The plaintiffs, who were defendants in the County Court, there insisted “upon a right to plead, and have a trial by jury, in which the Court over-ruled them, and rendered judgment on the bond.”
 

 We agree with his Honor, in the Court below; there is error in the proceeding of the County Court. The statute authorises judgment to be entered upon motion in a summary mannei’, without a writ or declaration, or other formal pleadings — so as to avoid the delay, incident to ordinary jury trials, but it was not the intention to deprive the defendant in the county court, of his right to put at issue any matter of fact, to wit: the execution of the bond, the amount received by the sheriff, the amount which he may have paid over, and the balance due, and have these matters of fact tried by a jury.
 

 As the County Court, for the county of Richmond, under a
 
 *93
 
 statute, applicable to that county, had no power to institute a trial by jury, the proper course was, to have the case transmitted up to the Superior Court, for the trial of issues of fact, and it was manifest error to refuse to allow such issues to»be made. In other words, the fact that the County Court of Richmond cannot hold jury trials, does not deprive a party of his common law right to have issues of fact tried by a jury;
 
 Whitley
 
 v. Gaylord, 3 Jones, 286.
 

 But we do not concur in the judgment, which his Honor rendered. After reversing the judgment of the County Court, he gives leave for the plaintiffs in error,
 
 to-
 
 enter their pleas. There is no precedent for this mode of proceeding in a writ of error, and his Honor was misled by treating it as an appeal, which brought up the whole case; such is not the effect of a writ of error; its office is merely to present, for review, errors of law, appearing on the face of the record, to have the judgment reversed, and the party restored to all things which he has lost by occasion of such erroneous judgment, and the proceedings thereon;,
 
 Jaques
 
 v. Cesar, 2 Saun Rep., 101z (in note.)
 

 There should be judgment to that effect.
 

 Per Curiam,
 

 Judgment reversed.