STATE v. W. O. SANDERS.

(Filed 10 November, 1910.)

1. Judgment Suspended — Recognizance — Forfeiture — Evidence — Procedure.

Judgment having been suspended against the defendant, he being required to enter into bond conditioned that he appear at each term of court for two years and show he has kept the peace toward C. and W. and all other good citizens, and to further show that he had refrained from libel or slander, etc. Held, (1) conviction of publishing, etc., indecent literature is not a violation of the bond; (2) conviction of an affray is a violation of its terms, and it was error in the trial court to hold it had no power to declare the bond forfeited.

2. Same—Record—Questions for Jury.

When the forfeiture of a recognizance is moved for, based upon matters appearing of record, the judge decides without the intervention of a jury; but upon issues of fact the defendant has a right to a jury trial thereof.

3. Same.

While Revisal, sec. 3216, provides that when evidence of conviction shall be produced in the court in which the recognizance is tried, it shall be the duty of the court to order the recognizance to be prosecuted, etc., yet though the proceedings are of a civil nature, they should be in the cause in which the recognizance is filed. When the facts are denied, an issue for the jury thereon is raised, and when conviction of an offense constituting a breach of the bond is alleged and denied, the proof to be submitted is the conviction in a court of competent jurisdiction; and the judgment should be entered in the court in which the recognizance was filed.

APPEAL by the State from *Ferguson, J.,* at the March Term, 1910, of PASQUOTANK.

STATE *v.* SANDERS.

*Attorney-General* for the State.

*A. O. Gaylord* for defendant.

CLARK, C. J. The defendant had been convicted at Spring Term, 1909, on two separate bills of indictment, one for libel of Cohoon and one for libel upon Wilson. Judgment was suspended upon payment of costs, and he was required to enter into bond in the sum of $500 conditioned that he appear at each term of the court for two years and show that he had kept the peace towards the said Cohoon and Wilson and all other good citizens of the State and to further show that he had refrained from libel or slander of said Cohoon and Wilson, or any other good citizen of the State.

On 4 September, 1909, the solicitor caused to be served upon the defendant and his sureties notice that he would move at the next term of court for judgment and execution upon the verdict rendered at Spring Term, 1909, because of failure to comply with the conditions of his bond, and for affirmative violation of the conditions upon which judgment had been suspended. He filed an affidavit setting out the grounds upon which he contended his obligations had been violated. The judge declined to pronounce judgment upon the defendant.

The solicitor then moved the court to declare said bond forfeited. The defendant and his sureties filed a motion to dismiss the motion of the solicitor which was denied and judgment *nisi* was entered against the defendant and his sureties, who were ordered to appear at the next term, and show cause why judgment should not be made absolute.

At March Term, 1910, the judge found as a fact that the defendants under oath had denied the breach of the bond, admitting the publication of the matter alleged in the solicitor's motion and affidavit but denying that the same was libelous. The court further found as a fact that it did not appear that an indictment or civil action had been prosecuted against the defendant, and hence held that it was of the opinion that it had no power to declare the condition of the bond had been broken. The motion, therefore, for judgment was denied, and the cause

153—40

retained to the end that if such matters were libelous, prosecution in either criminal or civil action might be had. From this order the solicitor appealed.

The record further sets forth the proceedings in three prosecutions against the defendant Sanders before a trial justice, all bearing date subsequent to date of bond; two for publishing, selling or having in his possession obscene and indecent literature, and one for an affray with one Harry Sheep. In all these cases the defendant had been adjudged guilty.

The judge might have pronounced judgment upon the suspended judgment but he did not choose to do so, and that matter is not before us. As to the motion for forfeiture of the bond, the two convictions for publishing, selling and having in possession obscene and indecent literature could not be a violation of a bond to keep the peace towards Cohoon and Wilson, and other good citizens. The conviction of an affray with Sheep is a matter of record, and is a violation of the terms of the bond. His Honor erred therefore in holding that he had no power to declare the bond forfeited.

When the forfeiture of a recognizance is moved for, if all the matters are of record, the judge decides without the intervention of a jury. But when the answer raises an issue of fact, the defendant is entitled to have the matter passed upon by a jury. The matter was fully discussed by *Pearson, J.,* in *Whitley v. Gaylord,* 48 N. C., 286. This was cited and approved by *Buchanan v. McKenzie,* 53 N. C., 91; *S. v. Carroll,* 51 N. C., 458; *Purvis v. Robinson,* 49 N. C., 98.

His Honor also erred in holding that the matter must be settled by an independent proceeding. It is true that Revisal, 3216, provides "Whenever evidence of such conviction shall be produced in the court in which the recognizance was tried, it shall be the duty of such court to order the recognizance to be prosecuted, and the solicitor shall cause the proper proceedings to be thereupon taken." But such proceedings, to forfeit a recognizance which are civil in their nature should be taken in the cause in which the recognizance is filed. If the facts are not denied or are matters of record, the judge then and there decides the question. If the facts are denied the jury must be impaneled

to pass upon them. If one of the facts alleged is that the defendant has been guilty of a criminal offense that is a breach of the condition of his bond, and if this is denied then the proof that must be submitted to the court is the record of his conviction therefor in a court of competent jurisdiction. But the judgment that the recognizance has been forfeited must be entered in the court, and in the cause, in which said recognizance was filed. It is not required that the prosecution for the forfeiture of such recognizance shall be taken by an independent proceeding. This was held as far back as *Brown v. Frazier,* 5 N. C., 421, which was cited and approved in *Whitley v. Gaylord,* 48 N. C., 290, where *Pearson, J.,* says: "If the court may stop the proceeding and direct an action to be brought (which conflicts with *Brown v. Frazier,* 5 N. C., 421), that would necessarily cause delay, and defeat the intention to give a summary remedy."

In the respects above stated we find
Error.