STRONG, Superintendent of Workhouse, *v.* STATE, *ex rel.* BARRETT.

(*Jackson.* April Term, 1914.)

CONSTITUTIONAL LAW.    Costs.    Jury.   Escape of prisoners.
Working out costs of recapture.   Due process of law.

Workhouse Act (Shannon's Code sec. 7423), providing that a
prisoner, who escapes, when recaptured shall be made to work
out the costs of the same, in addition to the other costs in the
case, and making no provision for hearing and without fixing
what is a reasonable amount for recapture, is unconstitutional
as denying the right to trial by jury and due process of law
guaranteed by Const. art. 1, sec. 8.

Acts cited and construed. Acts 1875, ch. 83;   Acts 1891, ch. 123.

Code cited and construed.   Sec. 7423 (S.).

Cases cited and approved:   In re Mallon, 16 Idaho, 737; State v.
State, 46 Tenn., 250; People v. Creamer, 30 App. Div., 624;
State v. Sanders, 153 N. C., 627; State v. Everitt, 164 N. C.,
399; Ughbanks v. Armstrong, 208 U. S., 481.

---

FROM SHELBY.

---

Appeal from Circuit Court, Shelby County.—H. W.
LAUGHLIN, Judge.

R. LEE BARTELS and GREER & GREER, for appellant.

CLARENCE FRIEDMAN, for appellee.

MR. JUSTICE WILLIAMS delivered the opinion of the Court.

The relator, Barrett, was convicted in the criminal court of Shelby county and sentenced to serve a term of eleven months and twenty-nine days in the county workhouse, and to pay the costs of the prosecution. After serving a portion of the sentence period he escaped; but he was recaptured and again placed in the workhouse. After then completing the original term of service, he tendered to the proper official the amount of the costs of his prosecution, $114, which was refused on the ground that the county had expended the further sum of $125 in recapturing him, which sum was demanded, making the aggregate of $239 required to be paid as the condition of his release.

A writ of *habeas corpus* was sued out to enforce release upon the payment of the $114 and without payment of the $125. The circuit judge granted the relief sought by Barrett; and the relator, who is superintendent of the workhouse, has appealed.

The record shows no denial that there was an escape from custody, and there is neither denial nor admission that the expense of recapture was properly the sum stated.

The general workhouse act (Acts 1891, ch. 123, sec. 18; Code, Shannon, sec. 7423) provides: "Should any prisoner escape, he or she shall forfeit all deductions (of good time) that have been allowed, and, when re-

·captured, shall be made to work out the costs of the same, in addition to the other costs in the case."

It is the contention of the relator that Barrett was properly held to work out the cost of his recapture under the statute, while Barrett insists that this provision is unconstitutional in that it works a denial of trial by a jury of his peers and of due process of law.

The statute under review makes no provision for an opportunity to the prisoner to be heard, for representation by counsel, or for the production of evidence as to the fact or intent of the escape. The amount to be expended in recapture is not fixed by the statute, and the reasonableness of the same is not provided to be ascertained after an inquiry in which the prisoner may be heard, in which hearing the rules of procedure shall be the same as are applied in similar causes, as must be the case. *In re Mallon*, 16 Idaho, 737, 102 Pac., 374, 22 L. R. A. (N. S.), 1123.

It is conceded by relator that escape and prison breach are offenses at common law. The statute in question does not even undertake to declare such an escape a statutory crime and fix the payment of cost of recapture as punishment for its infraction. We have, then, to deal with an effort to enforce punishment for such an offense without a trial by a jury and without procedure that satisfies the requirement of the constitutional right of due process of law, under Constitution of Tennessee, art. 1, sec. 8, which provides that no free man shall be taken or imprisoned but by the judgment of his peers and the law of the land, nor

shall any person be deprived of life, liberty or property without due process of law.  *State* v. *Staten,* 46 Tenn. (6 Cold.) 250.

A kindred question arose in this State and was de-cided in *Knox* v. *State,* 68 Tenn. (9 Baxt.), 202.  Acts 1875, ch. 83, sec. 4, provided that after working out the term in the workhouse fixed by the jury, and the costs in the case, the convict should be further held to work out "all costs which may accrue after conviction for clothing and other necessaries."  The court, in an opinion by Judge McFarland, held that this quoted provision was void under the above section of the Con-stitution.  See, also, *People* v. *Creamer,* 30 App. Div., 624, 53 N. Y. Supp., 1111; *State* v. *Sanders,* 153 N. C., 627, 69 S. E., 272; *State* v. *Everitt,* 164 N. C., 399, 79 S. E., 274, 47 L. R. A. (N. S.), 848.

The appellant relies upon a line of cases wherein, under prison rules, a board or some official has author-ity to determine how much good time should be allowed prisoners, and, after such time has been allowed to take it from them for cause not judicially passed on. It is held that such withdrawal is not a denial of due process of law.  These rulings, perhaps, might have relation to that portion of the statute which makes the escape of a prisoner "forfeit all deductions of good time that have been allowed," since the allowance of good time was but the grant of a favor to a convicted criminal in confinement, and that grant may have at-tached to it such conditions, precedent or subsequent, as the legislature may see fit.  The withdrawal of the

favor so extended on violation of such a condition is held not to be a denial of due process of law. *Ughbanks* v. *Armstrong,* 208 U. S., 481, 28 Sup. Ct., 372, 52 L. Ed., 582.

The distinction between such a case and the one at bar is obvious.

There was no error in the judgment of the court below holding the particular provision herein questioned unconstitutional. Affirmed.