Ed. McKee *v*. The State.

(*Knoxville*.   September   Term,   1919.)

1. **CRIMINAL LAW.**  Presumption indulged that workhouse officials
   will not require defendant to work out improper items of bills of
   costs.

   In the absence of anything to the contrary, it must be presumed
   that workhouse officials will not endeavor to force a defendant,
   sentenced to the workhouse, to work out any items in the bills
   of costs which the law does not provide shall be worked out. (*Post*,
   *pp*. 176, 177.)

   Acts cited and construed: Acts 1919, ch. 134.

2. **COSTS.**  Motion to strike litigation taxes from bill of costs properly
   overruled.

   Under Acts 1919, chapter 134, requiring litigation taxes to be in-
   cluded in the bill of costs and in no case to be remitted, in a
   misdemeanor case in which defendant cannot be required to
   work out such taxes, a motion to strike them from the bill of
   costs was properly overruled, though judgment required that costs
   be worked out "as required by law;" the remedy being by *habeas
   corpus* if any effort to require him to work out such items is made.
   (*Post, pp.* 176, 177.)

3. **COSTS.**  Attorney General's fee should not be stricken from bill of
   costs.

   Under Shannon's Code, sections 6376, 6377, requiring an Attorney
   General's fee to be taxed in misdemeanor cases successfully prose-
   cuted, a motion to strike such fee from the bill of costs was
   properly overruled, though judgment required that costs be worked
   out "as required by law," and such taxes need not be worked out.
   (*Post*, pp. 177, 178.)

   Code cited and construed: Secs. 6376, 6377 (S.).

4. **CONSTITUTIONAL LAW.** Eminent Domain. Statute imposing expense fees as part of costs on conviction is not invalid.

Acts 1919, chapter 57, providing that every person convicted of a misdemeanor shall be required to pay, secure, or work out in addition to other costs, county and State expense fees of $5 each, is not invalid as taking defendant's property without compensation or without due process of law, in violation of Const. art 1, sections 8, 21; there being overhead expenses which cannot be accurately prorated, and the prescribed fees being reasonable. (*Post, pp.* 178,

Cases cited and approved: Knox v. State, 68 Tenn., 202; Strong v. State, 129 Tenn., 472.

Constitution cited and construed: Sec. 21, art. 1; Sec. 8, art. 1.

---

FROM HAMILTON.

---

Appeal from the Criminal Court of Hamilton County. —Hon. S. D. McReynolds, Judge.

W. W. Draper, for appellant.

Wm. H. Swiggart, Jr., Assistant Attorney-General, for the State.

Mr. Justice Hall delivered the opinion of the court.

This appeal is prosecuted by the plaintiff in error, Ed McKee, alias Ebb McKee, from the judgment of the criminal court of Hamilton county, rendered at its September term, 1919, overruling a motion of the plaintiff in error to retax the costs in three misdemeanor cases, in which the plaintiff in error had been convicted at a former term of the court, so as to strike from the bill of costs in each case the State and county litigation tax, the attorney-general's fee, and the item of "State and county expense."

The ground of the motion was stated to be "on account of the fact that the defendant was sentenced to the workhouse on each of the above charges."

In two of the cases the plaintiff in error was charged with a felonious assault, and was convicted of assault and battery, and the motion asked also that the plaintiff in error be relieved of all the costs which had accrued on account of the unsuccessful effort of the State to convict the plaintiff in error of a felony. This much of the motion was sustained by the criminal judge, and is not now invoved. The remaining portion of said motion, to wit, the motion to strike from said bill of costs the State and county litigation tax, the attorney-general's fee, and the item of State and county expense in each of the three cases was by the court overruled and disallowed, and it is of this action of the court below that complainant is made by the plaintiff in error.

It is first insisted that the court below erred in overruling and disallowing the defendant's motion to strike the item of State and county tax in each case, aggregating the sum of $45, from said bills of costs.

It is not stated in the brief of counsel for the plaintiff in error, in express terms, how or wherein the court erred in this action. It may be inferred, however, from the brief of counsel that his contention is that the State and county litigation taxes should be striken from the bills of costs, because they are not items of costs which the plaintiff in error could be compelled to work out in the county workhouse. In each of the three cases a fine was imposed upon the plaintiff in error, and he was sentenced to confinement for a stated period of time in

the county workhouse, as punishment, and the judgment in each case also directed that the plaintiff in error be further held in confinement until the fine and costs adjudged against him should be paid, secured, or worked out "as prescribed by law."

The record does not show whether the costs were paid or not. Nor does it appear whether the plaintiff in error has served the aggregate term of imprisonment in the county workhouse, to which he was sentenced in the three cases, nor is it shown whether he has worked out those items of costs adjudged against him which he does not controvert. Nor is there anything in the record to show that any effort has been made to hold the plaintiff in error in confinement on account of any default in the payment of the litigation taxes, or that any effort is being made to compel the plaintiff in error to work out such taxes.

The judgments in the three cases directed that the plaintiff in error be required to work out the costs, in default of payment, "as prescribed by law." This is the usual form of the judgment rendered in misdemeanor cases, regardless of whether the costs are paid or worked out. If the costs are paid, the convicted defendant is simply dismissed from custody at the termination of the stated period or term of confinement, to which he was sentenced. In the absence of anything to the contrary, it must be presumed that the workhouse officials will not endeavor to force the plaintiff in error to work out any items in the bills of costs which the law does not provide shall be worked out. If any such an effort should be made, the remedy

McKee v. State.

of the plaintiff in error would be by a writ of *habeas corpus*, supported by proof that he has served his terms of imprisonment, and has worked out all the items of costs which he can be lawfully required to work out. He could not be required to work out the State and county litigation taxes. The motion in the present case was simply to strike out the litigation tax from the bills of costs. The trial court was manifestly correct in overruling this motion, since the statute requires that the litigation tax be included in the bill of costs, and in no case shall be remitted. Chapter 134 of the Acts of 1919, p. 468.

It is next insisted that the court below erred in overruling and disallowing defendant's motion to strike from the bill of costs in each case the item of attorney-general's fee of $5, aggregating the sum of $15 in the three cases.

These items were taxed in accordance with the direction of the statute, and were the fees provided for by the statute in misdemeanor cases which have been successfully prosecuted by the state. Code (Shannon's Annotated) sections 6376, 6377.

The motion made by the plaintiff in error in the court below was not to restain any effort on the part of the workhouse officials to require him to work out the attorney-general's fees, but merely attacked the authority of the trial court to tax these fees against him in the bills of costs.

The action of the trial court, at which the motion was directed, was such as is expressly required by statute,

and the motion to strike was therefore properly overruled.

By the third and last assignment of error it is insisted that the trial court erred in overruling and disallowing defendant's motion to strike the items of "State and county expense," aggregating the sum of $30, from said bills of costs.

These items were taxed and included in the bill of costs in each of the three cases under the authority of chapter 57 of the Public Acts of 1919, the title of which is:

"An act to provide that every person indicted or presented in any court of the State for any offense against the criminal laws, except when he is acquitted, shall pay, secure or work out in the workhouse a county expense fee, and a State expense fee, and making provisions for enforcement thereof."

The body of the act is as follows: "Section 1. Be it enacted by the general assembly of the State of Tennessee, that every person that is indicted or presented in any court of this State, for any offense against the criminal laws of the State, which is by law made a misdemeanor, except when he is acquitted, before he shall be discharged, shall be required by the judgment of the court making disposition of the case, to pay or secure, or work out in the workhouse, in addition to the other costs of the case, a county expense fee of five ($5) dollars, and a State expense fee of five ($5) dollars for each defendant said county expense fee and State expense fee are hereby declared to be a part of the expenses of the case not covered by any other

McKee v. State.

fees provided by law, but necessarily accruing therein and the same shall be included and recovered as part of the costs of the case, and collected and paid over as other costs; the county expense fee to be paid to the county, and the State expense fee to be paid to the State.

"Sec. 2. Be it further enacted, that all laws and parts of laws in conflict with this act, be and are hereby repealed, and that this act take effect from and after its passage, the public welfare requiring it."

It will be observed that the act above quoted expressly declares that the State and county expense fees be a part of the expenses of the case not covered by any other fees provided by law, but necessarily accruing therein, and that the same shall be included and recovered as a part of the costs of the case and collected and paid over as other costs.

The plaintiff in error contends that the State and county expense fees authorized by the act of 1919 are not costs; that the legislature was without power to create them, declare, and tax them as costs; and it is insisted, therefore, that such fees are an arbitrary charge against the plaintiff in error, with no basis in fact, and that to collect them from him would be taking his property without compensation, in violation of section 21, article 1, of the Constitution of the State, and without due process of law, in violation of article 1, section 8, of the same Constitution. In support of this contention plaintiff in error cites the cases of *Knox* v. *State,* 9 Baxt., 202, and *Strong* v. *State,* 129 Tenn., 472, 166 S. W., 967.

We are of the opinion that these cases do not support the contention of plaintiff in error.    In *Knox* v. *State*, supra, the effort was to enforce a statutory provision that every person confined in a county workhouse for the purpose of working out a fine and costs, or costs only, should also be required to work out, at the rate of 25 cents per day, the costs of all necessary clothing provided for him.    Thus the statute recognized a particular and specified item of expense which might accrue after conviction, and after the bill of costs had been made out, which the accused should be required to pay. The court held that the statute was void and unenforceable, because the convicted defendant, against whom such a charge might be assessed by the jailer or superintendent of the workhouse, was given no opportunity to be heard upon the cost of clothing furnished him, or upon other questions which might affect his liability for such a charge.    The court held that it would be to deprive the prisoner of his liberty other than by "the judgment of his peers or the law of the land" to permit the keeper of the workhouse to determine the cost of the clothing furnished, and the period of time the prisoner should be held to work out its value.

In *State* v. *Strong*, supra, an effort was made to enforce a statute which provided that if any workhouse prisoner should make his escape from the workhouse and should be apprehended, he should be required to work out the expense of his recapture, in addition to the other costs in the case.

In passing upon the validity of the statute, this court said that it made no provision for a hearing on behalf of the prisoner, for his representation by counsel, or for the production of evidence as to the fact or intent of the escape. Nor was the amount to be expended for recapture fixed by statute, nor was any inquiry provided to demand the reasonableness of the amount actually expended. Because of these omissions in the statute, the court held that to enforce it would be to inflict punishment on the prisoner for his escape, which is an offense at common law, without trial and without any procedure satisfying the constitutional provision that no person shall be deprived of his liberty or property without any procedure satisfying the due process of the Constitution.

It must be recognized, and cannot be disputed, that the trial of every misdemeanor case involves an overhead expense to the state and county which cannot be accurately prorated among all the cases tried. This overhead expense consists of various items, such as the *per diem* of the grand jurors, the *per diem* of the sheriff and of the trial jurors, the salary of the judge, and other expenses, all of which must be borne by the State and county, and are incurred because of the commission of crimes and misdemeanors.

We think it is therefore manifestly within the right of the State government, through its legislative representatives, to require that those who cause this expense should be made to bear it. As above stated, this overhead expense cannot be prorated with mathematical accuracy, the legislature can only approximate,, and

it is a reasonable approximation the two $5 fees as part of the costs in each successful prosecution for misdemeanor. These sums are nominal, and no one can question their reasonableness. The statute imposing them is similar to that authorizing the taxation of an attorney-general's fee as a part of the costs in each successful prosecution, and we think is constitutional and valid.

If the legislature may require the convicted defendant to pay a fee as a part of the costs of the State, to reimburse the State for the salary of the prosecuting attorney, then we see no reason why he may not be required by proper enactment to pay a reasonable fee to reimburse the state and county for the many other items of expense incident to his prosecution and conviction. The salary of the attorney-general is not prorated, but a nominal fee is taxed in each case, graduated only with reference to whether the case be a felony or misdemeanor.

The cases holding that the State and county litigation, tax is not taxable as a part of the costs, which the convicted defendant can be required to work out, are not applicable to the question under disvcussion. The tax was originally levied, and has always been levied, as a part of the statute, the purpose of which was expressly declared to be "the raising of revenue." When, subsequently the legislature declared that the tax should be considered as a part of the costs of the case, the court held that the character of the charge as a tax was too clearly defined to permit

McKee v. State.

its nature to be changed from a tax to that of costs in fact, so as to justify imprisonment for its payment.

The charge imposed by the act of 1919 originated with that act, and was there expressly declared to be ''a part of the expenses of the case not covered by any other fees provided by law, but necessarily accruing.'' The nature and character of the charge are thus fixed, and nowhere else appear. The charge being reasonable as an expense fee, we think it was within the power of the legislature to make it a part of the costs to be taxed against the convicted defendant.

It results that we find no error in the action of the trial court, and its judgment is affirmed, with costs.