STATE v. D. E. EVERITT.

(Filed 10 September, 1913.)

1. **Judgment Suspended—Terms Imposed—Power of Courts.**

   The Superior Court judge may, in his reasonable discretion, suspend judgment in a criminal action upon submission or conviction of the defendant, and require the defendant to appear from term to term, for the next ensuing two years, and show that he has demeaned himself as a good and law-abiding citizen.

2. **Same—Indefinite Suspension.**

   A suspension of judgment against a defendant in a criminal action in the Superior Court requiring him to appear from term to term for the next ensuing two years, etc., is not objectionable as an indefinite suspension of judgment.

3. **Judgment Suspended—Power of Court—Implied Consent.**

   Where a defendant submits or is convicted of a criminal offense and is present when the judge, in the exercise of his reasonable discretion, suspends judgment upon certain terms, and does not object thereto, he is deemed to have acquiesced therein, and may not subsequently be heard to complain thereof; and in proper instances it will be presumed that the court exercised such discretion.

4. **Judgment Suspended — Terms—Costs — Part Compliance—Sentence—Power of Courts.**

   Where judgment against a defendant in a criminal action has been suspended upon payment by him of the costs, and other conditions, such payment is not a full compliance by him with the terms of the suspension, and does not take from the court the power to subsequently proceed to judgment should the defendant violate the further conditions upon which the judgment was suspended.

5. **Judgment Suspended—Terms—Costs—Alternate Judgments.**

   A suspension of judgment in a criminal action upon payment of costs, requiring the appearance of the defendant at subsequent terms of the criminal court and show that he has demeaned himself as a good, law-abiding citizen, is certain in its terms and not objectionable as imposing alternate duties or obligations.

6. **Judgment Suspended—Subsequent Sentence—Original Offense—Trial by Jury—Court's Discretion—Appeal and Error.**

   Where judgment in a criminal action has been suspended upon payment of costs, imposing further terms as to the conduct of

the defendant, and at a subsequent term of the criminal court
the judge finds upon affidavits or otherwise that the defendant
has violated the terms upon which the judgment had been sus-
pended, and passes sentence, the sentence is imposed as a punish-
ment for the original offense of which the defendant stands con-
victed, and not for the subsequent misconduct, and the proceed-
ings to ascertain whether the defendant has complied with the
terms imposed being directed to the reasonable discretion of the
judge, are not within the province of the jury, and not appeala-
ble unless the judge's discretion has been grossly abused.

**7. Judgment Suspended—Subsequent Sentence—Court in Term.**

Where a judgment has been suspended against a defendant in
a criminal action upon certain terms imposed, any further pro-
ceedings to ascertain whether those terms have been complied
with must be in term and not in vacation.

**8. Same—Appeal and Error.**

This power of the court to suspend judgment upon terms
should not be exercised so as to prejudice or embarrass the de-
fendant's right to review the judgment, and proceedings of the
court upon which it is based, by appeal, if he elects to do so.

APPEAL by defendant from *Cline, J.,* at March Term, 1913,
of EDGECOMBE.

The defendant was indicted in three cases for unlawfully sell-
ing liquor, and pleaded guilty to each indictment at September
Term, 1911. Judgment was prayed by the solicitor, and the
court adjudged that defendant pay a fine of $150 and the costs
in the first case, suspended judgment on payment of the costs in
the second, and entered the following order in the third: "It is
ordered that judgment be suspended on the payment of costs,
and further, that the defendant enter into a bond in the sum
of $200 for his appearance at each criminal term of this court
for the next two years and show that he has demeaned himself
as a good and law-abiding citizen."

The defendant appeared from term to term of the court, and
at March Term, 1913, on the suggestion of the solicitor that the
defendant had violated the terms imposed by the court for the
suspension of judgment at September Term, 1911, by unlawfully
selling liquor, the court, in the presence of defendant, heard tes-
timony from both sides upon the accusation, and on due con-

sideration thereof, found as a fact that the defendant had engaged in the unlawful sale of liquor, in violation of the condition upon which the judgment of the court had been suspended. The court thereupon, and for the same cause, adjudged in said case that defendant be imprisoned in the county jail for the term of nine months, with directions that he be assigned by the county commissioners to work on the public roads; and from this judgment he appealed.

*Attorney-General Bickett and Assistant Attorney-General Calvert for the State.*
*John L. Bridgers for defendant.*

WALKER, J., after stating the case: The practice of suspending judgment upon convictions in criminal cases and upon reasonable terms has so long prevailed in our courts that we would be loath to disturb it, except for the most convincing reason, supported by the clearest authority showing its illegality. We are satisfied, after the most careful examination of the question, that no such reason can be presented, and that no such precedent can be found. Recent decisions of this Court are strongly in favor of the power as existing in the court, when it is fairly and not unreasonably or oppressively exercised. In this case the learned and enlightened judge who presided and imposed the sentence proceeded with great caution after a final hearing of both sides, and we concur in his finding of fact and his conclusion that this was a proper case for the use of the power residing in him, in order to punish the defendant for a violation of the criminal law, which he had confessed in open court and of which he had been adjudged guilty, he having shown himself no longer entitled to the clemency of the court.

Before discussing the general question as to the power of the court to suspend judgment upon terms and conditions imposed at the time, it will be well to notice the objections made by the learned counsel for the defendant in his brief and argument. As we understand, they are the following:

1. If the court can suspend the judgment, it may do so indefinitely.

164—26

2. The suspension was really, and in law, conditioned upon the payment of costs only, and when the costs were paid, the power of the court to proceed further was terminated, for the condition annexed was no part of the punishment.

3. The conditional terms imposed render the judgment uncertain, as in the case of alternative judgments.

4. The court has punished the defendant for what he has done since the suspension of the judgment, and not for the original offense, and for which he has not been tried upon indictment and convicted by a jury.

We do not think any of these objections are tenable. It would be useless for us, in this case, upon a suspension for only two years, to inquire what would be the legal effect of an indefinite suspension, as there has been no such exercise of the conceded power. It must not be overlooked that the suspension of judgment, upon terms expressed therein, at September Term, 1911, was entered with the defendant's implied assent at least, he being present and not objecting thereto.

This Court said in *S. v. Crook,* 115 N. C., 760, that such an order is not prejudicial, but favorable to a defendant, in that punishment is put off, with the chance of escaping it altogether; and it is presumed that he was present and assented thereto, if he did not ask for it as a measure of relief from impending punishment. The Court also expressed some surprise at the suggestion that the rights of a defendant are infringed or his interests impaired by allowing him to escape for the present the toils of the law, by suspending immediate action and affording him an opportunity for reformation as a basis for permanent clemency, instead of requiring him at once to undergo the punishment of the law for the offense of which he had been convicted. And we repeat, that it is strange he should complain of the merciful consideration which the law thus extends to him.

The practice of suspending judgment upon terms prescribed has been sanctioned in our courts for a long time, and it seems to have been recognized in England, for in 4 Blackstone, 394, it is said that "A reprieve (from *reprende,* to take back) is the withdrawing of a sentence for an interval of time, whereby the

execution is suspended. This may be, first, *ex arbitro judicis,* either before or after judgment, as where the judge is not satisfied with the verdict, or the evidence is suspicious, or the indictment is insufficient, or he is doubtful whether the offense be within clergy, or, sometimes, if it be a small felony, or any favorable circumstance appear in the criminal's character, in order to give room to apply to the Crown for either an absolute or conditional pardon." And to the same effect we find the law thus stated in Chitty's Cr. Law, 75: "The more usual course is for a discretionary reprieve to proceed from the judge himself, who, from his acquaintance with all the circumstances of the trial, is most capable of judging when it is proper. The power of granting this respite belongs, of common right, to every tribunal which is invested with authority to award execution. And this power exists even in cases of high treason, though the judge should be very prudent in its exercise." "At common law every court invested with power to award execution in criminal cases has inherent power to suspend the sentence." Clark's Cr. Pro., 496.

In *Com. v. Dowdican's Bail,* 115 Mass., 133, it was held to be proper and within the power of the court, after conviction in a criminal case, "when the court is satisfied that, by reason of extenuating circumstances, or of the pendency of a question of law in a like case before a higher court, or other sufficient cause, public justice does not require an immediate sentence, to order, with the consent of the defendant and the attorney for the Commonwealth, and upon such terms as the court in its discretion may impose, that the indictment be laid on file; and this practice has been recognized by statute. Such an order is not equivalent to a final judgment, or to a *nolle prosequi* or discontinuance, by which the case is put out of court; but is a mere suspending of active proceedings in the case, which dispenses with the necessity of entering formal continuances upon the dockets, and leaves it within the power of the court at any time, upon the motion of either party, to bring the case forward and pass any lawful order or judgment therein. Neither the order laying the indictment on file nor the payment of costs, therefore, in any

of the four cases, entitled the defendant to be finally discharged."
Sometimes the judge reprieves, said *Lord Hale,* "as where he is
not satisfied with the verdict, or the evidence is uncertain, or
the indictment is insufficient, or doubtful whether within clergy.
Also when favorable or extenuating circumstances appear and
when youths are convicted of their first offense. And these arbi-
trary reprieves may be granted or taken off by the justices of
gaol delivery, although their sessions be adjourned or finished,
and this by reason of common usage." (2 Hale P. C., ch. 58,
p. 412.)

Our courts, of course, can only act in such matters during
their sessions, and not in vacation. The power of suspending
or respiting the sentence belonged of common right to every
tribunal invested with authority to award execution in a crimi-
nal case. *People v. Court of Sessions,* 141 N. Y., 292, citing
1 Chitty Cr. Law (1 Ed.), 617, 758; Bishop's New Cr. Pro.,
sec. 1299; *Com. v. Maloney,* 145 Mass., 245; 2 Hawkins Pleas
of the Crown, p. 657, sec. 8. It was held in *Fults v. State,*
2 Sneed, 232, that the courts have control of their judgments in
criminal cases, so far as to suspend the execution thereof on
sufficient reason appearing. And if such suspension be had
upon application of defendant, it constitutes no error of which
he can take advantage. The courts will be presumed to have
exercised such discretion in a proper case.

We have already seen that there is a presumption that the
order of suspension was made with the defendant's consent, if
not at his request. The record here evidently implies that the
order in question was made at defendant's solicitation, as an act
of mercy to him, so that he might qualify himself by his good
behavior to receive further clemency from the court, and thus
avoid the rigor of the law. *Allen v. State,* 8 Tenn., 294; *S. v.
Addy,* 43 N. J. Law, 113. In the case last cited the Court said:
"It would seem that it is stating the matter too broadly to assert
that it is always the imperative duty of a court to render judg-
ment upon a conviction of crime, unless some legal proceeding
for review be interposed. Considerations of public policy may
induce the court to stay its hand." The case of *S. v. Hilton,*

151 N. C., 687, does not controvert these views, but is in perfect harmony with them. The capital distinction between the two cases is that in *Hilton's case* the court had previously investigated the conduct of the defendant, and after finding as a fact that he had fully complied with the condition of the suspension, he was discharged, while here, unfortunately for the defendant, the court has found the other way, after hearing both sides: that is, it has declared, after hearing the evidence, that the defendant has sold liquor unlawfully, in clear violation of the terms of suspension, to which he agreed.

In the *Hilton case* the Court fully recognized the existence of a valid power in the court to suspend judgment on condition that the good behavior of the defendant, and his obedience to the law, be shown by him from term to term, for a reasonable period, citing many authorities to sustain the ruling by which it approved the long-standing practice of our tribunals in this respect. *Justice Hoke,* for the Court, thus comments upon this method of procedure in our criminal courts: "In this State, as shown in *S. v. Crook,* 115 N. C., 760, the power to suspend judgment and later impose sentence has been somewhat extended in its scope, so as to allow a suspension of judgment on payment of costs, or other reasonable condition, or continuing the prayer for judgment from term to term to afford defendant opportunity to pay the cost or to make some compensation to the party injured, to be considered in the final sentence, or requiring him to appear from term to term, and for a reasonable period of time, and offer testimony to show good faith in some promise of reformation or continued obedience to the law. These latter instances of this method of procedure seem to be innovations upon the exercise of the power to suspend judgment as it existed at common law; and while they are well established with us by usage, the practice should not be readily or hastily enlarged and extended to occasions which might result in unusual punishment or unusual methods of administering the criminal law." He refers to the cases hereinbefore cited, and also to *S. v. Bennett,* 20 N. C., 43; *Com. v. Maloney,* 145 Mass., 205; *Gibson v. State,* 68 Miss., 241; *Ex parte Williams,* 25 Fla.,

310; Revisal of 1905, secs. 1293 and 1294. See, also, *S. v. White,* 117 N. C., 804; *S. v. Crook,* 115 N. C., 760; *S. v. Sanders,* 153 N. C., 624.

There was no indefinite suspension of judgment in this case, but only for a definite time with the consent of the defendant, upon a condition which he impliedly promised to perform, but which he most flagrantly disregarded. We need not, therefore, decide upon the lawfulness of an indefinite suspension, for we have no such case. There was no abuse of the court's discretion, and this is a sufficient answer to the first contention.

Nor has the second any greater force. The payment of the costs was not a full compliance with the terms of the suspension, and did not take away the power of the court to proceed to judgment, if it found that the defendant had not complied with the condition, but, on the contrary, had become, since the date of the judgment, a common retailer of liquors, in open violation and defiance of the law. The next contention, that the condition rendered the judgment uncertain, as in the case of alternative judgments, cannot be sustained. The judgment is certain and definite in its terms, and does not impose alternative duties or obligations.

Nor can it be well argued that the judge had, by the judgment, punished the defendant for his subsequent conduct. This is a misapprehension of its legal effect. He has simply punished him for the crime he had confessed, because he has violated the terms upon which clemency was impliedly promised. But this is merely the reason for awarding punishment in the original case, and is no part of the offense for which it was inflicted.

This very point was urged in the similar case of *Sylvester v. State,* 65 N. H., 193, where the defendant was indicted for the illegal sale of liquor, and the mittimus was ordered to be stayed "while he does not sell liquor," and it was held that "the enforcement of the judgment of mittimus was not a punishment for subsequent offenses, or for breach of the condition on which execution was stayed."

It must be clear that the defendant was not entitled to a jury trial to determine whether or not he had violated the conditions

upon which the judgment had been suspended. He was not on trial for any new offense, nor for any offense whatever. When the judgment was suspended defendant assumed the obligation of showing, to the satisfaction of the court, from time to time, that he had demeaned himself as a good citizen and was worthy of judicial clemency. Whether or not he had so demeaned himself was not an issue of fact to be submitted to a jury, but a question of fact to be passed upon by the court. It was a matter to be determined by the sound discretion of the court, and the exercise of that discretion, in the absence of gross abuse, cannot be reviewed here.

The case of *S. v. Sanders,* 153 N. C., 627, cited by the defendant in support of the position that the defendant must have been convicted of the subsequent offense and that the record of conviction is the only competent evidence of the violation of the condition, is not in point. The Court, in that case, was deciding as to the forfeiture of a recognizance given for a defendant's appearance, where the statute prescribes the method of proving a breach, that is, by the record of a conviction. It was not a proceeding to enforce a former suspended judgment by punishing the defendant.

. The power to suspend judgment exists, but should be exercised fairly and reasonably, so as not to deprive the defendant of the right to assign errors and review the proceedings in the court below, if he desires to do so, and with due regard to his other rights. He must not be oppressed or unduly burdened by the suspension. There was no abuse of discretion in this case, nor did the court exceed its authority. The suspension was made with the consent of the defendant, and for his benefit, and he has now no reason to complain, having violated his own voluntary promise to demean himself as a good citizen should do.

No error.