## IN THE MATTER OF THE APPLICATION OF FRANK PFANN FOR A WRIT OF HABEAS CORPUS.

## STATE OF NORTH DAKOTA EX REL. FRANK PFANN, Petitioner, v. GEO. E. KUNKEL, Sheriff of Wells County, North Dakota, Respondent.

(206 N. W. 230.)

**Criminal law — where accused was permitted to remain at large, having been sentenced for ninety days, court may, after period of expiration of sentence, require him to serve full term.**

Where a sentence of ninety days in jail, imposed on one who has pleaded guilty to the charge of maintaining a liquor nuisance, is immediately suspended for a period exceeding ninety days and the offender is permitted to remain at large, the court may, after the period of the sentence has expired, require him to serve the full term and an application for a writ of habeas corpus, on the ground that the sentence has expired, should be denied; following the decisions of this court in Re Hart, 29 N. D. 38, and in Re Harris, 49 N. D. 7.

Opinion filed November 13, 1925.

Criminal Law, 16 C. J. § 3141 p. 1335 n. 72.

---

Note.—On power of court to suspend sentence or stay execution of sentence, see annotation in 33 L.R.A.(N.S.) 112; 39 L.R.A.(N.S.) 242; L.R.A.1915C, 1169; L.R.A.1918C, 551; 8 R. C. L. 249; 2 R. C. L. Supp. 582; 5 R. C. L. Supp. 459.

Petition for original writ of habeas corpus.

From Wells County, North Dakota. Petition for writ denied by *Coffey*, J.

Petition denied.

*M. E. Mattlhaei*, for petitioner.

*J. J. Youngblood*, State's Attorney, for the state.

JOHNSON, J. The petitioner pleaded guilty to the charge of maintaining a common nuisance and was, on April 1, 1925, sentenced by the county court of Wells county, to serve ninety days in jail, and to pay a fine of $200 and costs. As part of the sentence, the court said: "It is further the sentence of the court that you may be released from serving the jail sentence at the present time, but that you are to appear before this court August 1, 1925, for further orders." After some intermediate but immaterial proceedings, the judge, on October 1, 1925, directed the sheriff to take the petitioner into custody and imprison him in the county jail for a period of ninety days from and after October 1, 1925. The sheriff proceeded to execute the order and the petitioner applied for a writ of habeas corpus in the district court. The application having been denied, he comes to this court, asking that the writ issue.

Relying largely on the case of Re Markuson, 5 N. D. 180, 64 N. W. 939, the petitioner contends that the sentence had expired when the order of October 1, 1925, was made; that the judge of the county court was without jurisdiction to make the order; and that the petitioner is restrained without warrant or authority at law. There is no merit in the petitioner's contention. The court below clearly had the power to suspend the sentence of the prisoner from the first of April to the first of October, 1925. Comp. Laws 1913, § 10,959. We are concerned solely with a question of power. If the sentence was suspended, the court below had the power to revoke the suspension and imprison the defendant, even after the period of the sentence had expired. This is settled law in this jurisdiction. Re Hart, 29 N. D. 38, L.R.A.1915C, 1169, 149 N. W. 568, and Re Harris, 49 N. D. 7, 187 N. W. 140, are conclusive against the petitioner's contention.

When the case of Re Markuson, principally relied on by the petitioner, was decided, there was no statute like § 10,959, supra, giving

the court the power to suspend sentences. This distinction was expressly pointed out in the Hart Case. The law has been changed in this regard, and the decision is, therefore, not applicable.

The application is denied.

CHRISTIANSON, Ch. J., and NUESSLE, BURKE, and BIRDZELL, JJ., concur.