KAPLAN v. HECHT, U. S. Marshal.

Circuit Court of Appeals, Second Circuit.
March 5, 1928.

No. 270.

1. **Criminal law** ⊂⟹1001—**District Court had jurisdiction to place defendant on probation before beginning sentence (Probation Act 1925, § 1 [18 USCA § 724]; Cr. Code, § 37 [18 USCA § 88]).**

Under Probation Act 1925, § 1 (18 USCA § 724), District Court had jurisdiction, after conviction under Criminal Code, § 37 (18 USCA § 88), to suspend sentence and place defendant on probation for a period of 18 months at a time before defendant had begun to serve sentence.

2. **Criminal law** ⊂⟹1001—**Court had jurisdiction to revoke suspension of sentence, and impose original sentence, before expiration of probation period (Cr. Code, § 37 [18 USCA § 88]; Probation Act 1925, §§ 1, 2 [18 USCA §§ 724, 725]).**

Where defendant, after conviction under Criminal Code, § 37 (18 USCA § 88), was placed on probation for a period of 18 months, pursuant to Probation Act 1925, § 1 (18 USCA § 724), and was brought before the court by probation officer before expiration of period of probation, in accordance with section 2 of the act (18 USCA § 725), court had jurisdiction to revoke suspension of sentence and impose original sentence of imprisonment for term of 18 months, together with payment of fine.

3. **Criminal law** ⊂⟹1216(6)—**Probation period need not be credited on execution of sentence subsequently imposed, on revocation of probation (Const. Amend. 5).**

Period during which defendant was on probation after suspension of sentence need not be credited on execution of sentence of imprisonment, imposed on revocation of probation on theory that probation constituted punishment, and that any imprisonment after expiration of period of sentence from date he was placed on probation would thereby amount to second punishment, in violation of Const. Amend. 5.

Appeal from the District Court of the United States for the Southern District of New York.

Application for habeas corpus by Meyer E. Kaplan against William C. Hecht, United States Marshal for the Southern District of New York. From an order discharging the writ, and remanding petitioner to the custody of the United States marshal, petitioner appeals. Affirmed.

Kaplan was convicted of violating section 37 of the United States Criminal Code (18 USCA § 88), and on April 18, 1924, was sentenced to imprisonment in Atlanta penitentiary for a term of 18 months and to payment of a fine of $2,500. He sued out a writ of error to this court and was released on bail pending his appeal. This court (7 F.[2d] 594) affirmed the judgment, and

our mandate was filed in the District Court on January 11, 1926. Thereafter, on June 7, 1926, on the motion of Kaplan, and before he had commenced service of his term or paid any part of the fine, the District Court entered an order placing him upon probation for a term of 18 months. On November 2, 1927, Kaplan was brought before the court by the probation officer to whom he was required to report, and the court entered judgment that the suspension of the sentence of April 18, 1924, and the probation of June 7, 1926, be revoked, and that Kaplan be imprisoned in Atlanta penitentiary for a term of 18 months, commencing November 2, 1927. It is the validity of his imprisonment under this sentence that is challenged by the writ of habeas corpus now before us.

K. Henry Rosenberg, of New York City, for appellant.

Charles H. Tuttle, U. S. Atty., of New York City (Thomas J. Todarelli, Asst. U. S. Atty., of New York City, of counsel), for appellee.

Before MANTON, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

SWAN, Circuit Judge (after stating the facts as above). [1] The legality of the order of June 7, 1926, granting Kaplan probation, is not questioned, nor could it be. As he had not begun to serve his sentence, the District Court had jurisdiction under the express terms of section 1 of the Probation Act of March 4, 1925 (18 USCA § 724), "to suspend the imposition or execution of sentence and to place the defendant upon probation for such period and upon such terms and conditions as [it] may deem best." See Kriebel v. United States, 10 F.(2d) 762 (C. C. A. 7); Evans v. District Judge, 12 F. (2d) 64 (C. C. A. 6); Ackerson v. United States, 15 F.(2d) 268 (C. C. A. 2); United States v. Murray, 48 S. Ct. 146, 72 L. Ed. ——, decided January 3, 1928. Section 1 further provides that the court may revoke or modify any condition of probation, or may change the period of probation, but such period, including any extension thereof, shall not exceed five years. Section 2 (18 USCA § 725) reads as follows:

"Sec. 2. That when directed by the court, the probation officer shall report to the court, with a statement of the conduct of the probationer while on probation. The court may thereupon discharge the probationer from further supervision and may terminate the proceedings against him, or may extend the probation, as shall seem advisable.

"At any time within the probation period the probation officer may arrest the probationer without a warrant, or the court may issue a warrant for his arrest. Thereupon such probationer shall forthwith be taken before the court. At any time after the probation period, but within the maximum period for which the defendant might originally have been sentenced, the court may issue a warrant and cause the defendant to be arrested and brought before the court. Thereupon the court * * * may impose any sentence which might originally have been imposed."

[2] Appellant was convicted on April 18, 1924, and the maximum term of imprisonment which might have been imposed on him was two years. He now contends that, under section 2 above quoted, the maximum period for which he might have been sentenced expired on April 18, 1926, and that thereafter the court was without jurisdiction to revoke the probation and impose imprisonment by its sentence of November 2, 1927. This contention is not consonant with the natural meaning of section 2. The second paragraph of that section provides for the arrest of probationers either during the probation period or after its termination. In the first case, the arrest may be made either with or without a warrant and at any time; in the second, only upon a warrant and only within "the maximum period for which the defendant might originally have been sentenced." The precise meaning of this limitation need not be now determined, for, appellant's case falls squarely within the first classification, as an arrest during the probation period, and the last sentence of the section expressly provides that the court may revoke the suspension of sentence and impose any sentence which might originally have been imposed.

[3] The second contention is that the time during which appellant was on probation must be credited upon the execution of the sentence of imprisonment imposed on November 2, 1927. The argument runs that, although on probation, he was not a free man, but was undergoing punishment and restraint in execution of the judgment of conviction, so that any imprisonment after December 8, 1927, the expiration of 18 months from the date he was placed on probation, amounts to a second punishment for the same crime, in violation of the Fifth Amendment. The fallacy of this argument is made at once apparent upon a consideration of the purpose of the Probation Act. This is clearly explained in the recent opinion of the Supreme Court, cited above, where the Chief Justice points out that probation is the attempted saving of a man who has taken one wrong step, and whom the judge thinks can be set again upon the path of rectitude, if an opportunity for reform be given him before he is stigmatized with imprisonment and subjected to association with hardened convicts. Hence the judge is given the power to suspend sentence—a thing he could not do without legislation, after the decision in Ex parte United States, 242 U. S. 27, 37 S. Ct. 72, 61 L. Ed. 129, L. R. A. 1917E, 1178, Ann. Cas. 1917B, 355. The purpose is to avoid imprisonment so long as the guilty man gives promise of reform. Clearly, therefore, probation is not intended to be the equivalent of imprisonment. The aim of the statute is reformatory, not punitive, and its language carries this aim into effect. While we have found no decision under the federal Probation Act which passes upon the contention that the prior probation must be credited upon a sentence of imprisonment imposed when probation is revoked, numerous cases under similar state statutes have adjudicated its lack of merit. See King v. Commonwealth (1923) 246 Mass. 57, 140 N. E. 253; In re Hall (1927) 100 Vt. 197, 136 A. 24; Belden v. Hugo, 88 Conn. 500, 91 A. 369; State v. Everitt, 164 N. C. 399, 79 S. E. 274, 47 L. R. A. (N. S.) 848.

The order discharging the writ is affirmed.