16 So.2d 332

## PERSALL v. STATE.

### 6 Div. 53.

Court of Appeals of Alabama.

Jan. 11, 1944.

310

Wm. N. McQueen, Acting Atty. Gen., and Geo. C. Hawkins, Asst. Atty. Gen., for the State.

Herman J. Stewart, of Cullman, for appellant.

SIMPSON, Judge.

Chapter 2, Title 42, Code 1940, is the codification of the probation statute of Alabama, duly enacted by the legislature under the prescriptions of Amendment 38 of the State Constitution, which, among other matters, vested in the Legislature the power to enact pertinent laws authorizing "the courts having criminal jurisdiction to suspend sentence and to order probation" of persons convicted of crime (except in cases of death sentences). The usual question, therefore, of the unconstitutional encroachment upon or invasion of executive power is not here instant.

This appeal is to decide whether or not a probationer, execution of whose sentence had been suspended pending such probation, upon revocation by the court of the commitment to probation, is entitled to credit on the original sentence for the time endured during this conditional freedom.

The case comes here on appeal from an order of the lower court denying appellant's discharge on petition for habeas corpus asserting the affirmative of the question.

The proposition is original in this jurisdiction.

Appellant was (February 11, 1943) convicted of the offense of assault with a weapon and sentenced to three months and seventy days hard labor. Upon written request of appellant, the court suspended execution of the sentence and committed him to probation for a period of two years, subject to certain conditions not here material to mention. About seven months subsequent (September 16, 1943) to such probationary release, the court, pursuant to Section 24 of said Title 42, ordered appellant's arrest for violating the terms of his probation, and upon due hearing revoked the same and remitted him to serve the original sentence.

The appellant contends that this action of the court was unauthorized, and that the period of his commitment to probation should have been reckoned as in satisfaction of the original sentence imposed because, by crediting it with the time spent on probation, he has more than satisfied the full sentence and is entitled to his complete enlargement. The lower court ruled otherwise and this appeal resulted from such adverse ruling.

■ These conflicting claims arise from a fundamental contrariety of views as to the meaning and intent of the probation law. It is the appellant's view that the secondary commitment to probation is penal in character and a substitute or alternative punishment for the more rigorous forms, such as jail or hard labor. Cooper v. United States, 5 Cir., 1937, 91 F.2d 195, 199, importing such a conclusion and holding that such clemency is not subject to rejection by the defendant, is cited as sustaining authority. The overwhelming weight of opinion, however, is opposed to this view and sustains the State's theory that the aim of the statute is non-penal and reformatory in character, with the purpose to reclaim citizenship, to ameliorate rather than penalize.

Competent federal authority is likewise consonant with this latter view. Kaplan v. Hecht, 2 Cir., 24 F.2d 664; United States v. Murray, 275 U.S. 347, 358, 48 S.Ct. 146, 149, 72 L.Ed. 309; Roberts v. United States, 64 S.Ct. 113, decided November 22, 1943. Some leading state cases are: Belden v. Hugo, 88 Conn. 500, 91 A. 369; In re Parker, 107 Vt. 463, 181 A. 106; In re Hall, 100 Vt. 197, 136 A. 24; State v. Starwich, 119 Wash. 561, 206 P. 29, 26 A.L.R. 393; Marks v. Wentworth, 199 Mass. 44, 85 N.E. 81, 82; State v. Everett, 164 N.C. 399, 79 S.E. 274, 47 L.R.A.,N.S., 848.

■ It is quite clear to us that the Alabama statute does not admit of the interpretation urged by appellant. Section 22 thereof reposes in the court the power of determining the "conditions of probation", and Section 24 gives to the court the authority of determining the "period of probation or suspension of execution of sentence" with the further specific provision that in the event of revocation thereof, the court "shall proceed to deal with the case as if there had been no probation or suspension of execution of sentence." Its meaning is manifest and subject to no equivocal construction. Plainly, discretion as to the terms and conditions of probation is vested in the trial court, but when such probation is revoked, the probationer must serve the full sentence, execution of which was meanwhile suspended pending the probationary period, as if no clemency had ever been accorded him.

This is the rule generally prevailing elsewhere. Kaplan v. Hecht, 2 Cir., 24 F.2d 664; In re Parker, 107 Vt. 463, 181 A. 106; People v. Jennings, 133 Misc. 538, 232 N.Y.S. 603; State ex rel. Tingstad v. Starwich, 119 Wash. 561, 206 P. 29, 26 A.L.R. 393; King v. Commonwealth, 246 Mass. 57, 140 N.E. 253; In re Hall, 100 Vt. 197, 136 A. 24; Belden v. Hugo, 88 Conn. 500, 91 A. 369; State v. Everett, 164 N.C. 399, 79 S.E. 274, 47 L.R.A.,N.S., 848; Ex parte Pfann (State ex rel. Pfann v. Kunkel), 53 N.D. 389, 206 N.W. 230; Ex parte Giannini, 18 Cal.App. 166, 122 P. 831; Hunt v. State, 186 Ind. 644, 117 N.E. 856; State v. Abbott, 87 S.C. 466, 70 S.E. 6, 33 L.R.A.,N.S., 112, Ann.Cas.1912B, 1189; Fuller v. State, 100 Miss. 811, 57 So. 806, 39 L.R.A.,N.S., 242, Ann.Cas.1914A, 98; 24 C.J.S., Criminal Law § 1995, pp. 1234, 1235.

The argument is inapposite that, in this State, a probationer is of the same status

as a parolee who, under our parole statute and the rule in Pinkerton v. State, 29 Ala. App. 472, 198 So. 157, 161, is declared as "serving outside of prison walls" while on parole, with the result that such period is reckoned as in satisfaction pro tanto of the sentence of imprisonment. The distinction between the two is that the parole statute, Code 1940, Title 42, Section 7, specifically so provides as to a parolee (Pinkerton, supra), whereas the probation statute makes no such provision as to a probationer.

The rule as to probation in some states (notably Georgia) is different, and compatible with appellant's insistence, because by the prescriptions of their statutes (like our parole statute) a probationer is declared to be then (while on probation) serving his sentence—as the Georgia statute, Code, § 27-2705, states, "outside the confines of the chain gang, jail or other place of detention." Wood v. State, 68 Ga.App. 43, 21 S.E.2d 915; Wimbish v. Reece, 170 Ga. 64, 152 S.E. 97; 24 C.J.S., supra.

The Pinkerton decision is the only modification of the law as declared in Fuller v. State, 122 Ala. 32, 26 So. 146, 45 L.R.A. 502, 82 Am.St.Rep. 17, and, as above indicated, this was because of the change in the parole statute, now (and when the Pinkerton case was decided) prescribing that a parolee is regarded as serving his sentence and entitled to credit thereon during the period of his release on parole.

The probation statute not having such proviso, the rule enunciated in the Fuller case still controls, and in principle a convict with revoked probation, under our present probation law, is of the same status as was a convict with revoked parole, under the then existing law, when the Fuller case was rendered. So, as rationalized in that (Fuller) opinion, this conditional (probationary) release from expiration "does not in any wise displace or abridge the sentence. It merely stops its execution for a term only, it may be, or indefinitely, it may prove. It suspends not destroys. * * * And upon condition broken, the sentence which has all along hung in its entirety over the liberty of the * * * convict is to be executed upon him" (page 38 of 122 Ala., page 147 of 26 So., 45 L.R.A. 502, 82 Am. St.Rep. 17—"as if (quoting Section 24, supra) there had been no probation or suspension of execution of sentence." See, also, In re Parker, 107 Vt. 463, 181 A. 106, 111, for further illustration of the principle.

In so holding, we have not overlooked the argument of ingenious counsel that such a construction of the statute, bearing the potentiality of a suspended sentence hanging over a party indefinitely, is violative of some constitutional right. Emphasis to support the argument is laid upon the decision in the Cooper case, cited above, to the effect that since (under the holding of that case) a defendant cannot refuse the "grace" proffered if the court should will otherwise, the result of placing a defendant on probation without crediting such period on the original sentence would be double punishment or violative of some other constitutional right.

This theory is inharmonious with the prevailing view and is regarded as sophistical in that it ignores the principle that such clemency is an act of grace (Escoe v. Zerbst, 295 U.S. 490, 492, 493, 55 S.Ct. 818, 79 L.Ed. 1566), is not penal, and may be rejected by the subject if he so elects. Fuller v. State, 122 Ala. 32, 26 So. 146, 45 L.R.A. 502, 82 Am.St.Rep. 17; State ex rel. v. Starwich, 119 Wash. 561, 206 P. 29, 26 A.L.R. 393, 399; Brooks v. State, 51 Ariz. 544, 78 P.2d 498, 117 A.L.R. 925; State v. Tripp, 68 N.C. 150, 83 S.E. 630; Renado v. Lummus, 205 Mass. 155, 91 N.E. 144; Birnbaum v. United States, 4 Cir., 107 F.2d 885, 126 A.L.R. 1207, 1210.

■ "Probation or suspension of sentence comes as an act of grace to one convicted of a crime, and may be coupled with such conditions in respect of its duration as Congress (the legislature) may impose." Escoe v. Zerbst, 295 U.S. 490, 492, 493, 55 S.Ct. 818, 819, 79 L.Ed. 1566.

As pointed out hereinabove, the rule originally prevailing before our present parole statute, as to the effect of the violation by a convict of a conditional parole, should logically be applied with equal force to a probationer, under the probation statute, who violates the conditions of his probation (In re Parker, supra); and, when so applied, the holding in Fuller v. State, 122 Ala. 32, 38, 39, 26 So. 146, 45 L.R.A. 502, 82 Am.St.Rep. 17, is an excellent exposition to illustrate that the Legislature in so writing the law acted within authorized limits and without transgressing any constitutional right of the convict.

■ Substituting "probation" in lieu of "parole", we paraphrase from the Fuller

opinion: That it was competent for the Legislature to so provide, we entertain no serious doubt. A probation is subject to rejection or acceptance by the convict. He has an unfettered election in that regard, and the court order is not effective or operative until it has been accepted by him. If he prefers to serve out his sentence, as originally imposed upon him, to a suspension of it by subjecting himself to the conditions nominated in the probation, he has the clear right to do so. But if he elects to accept the probation and avails himself of the liberty it confers, he must do so upon the conditions upon which alone it is granted to him. One of these conditions is that his sentence shall continue in fieri, and that the State shall have the power to execute it in full upon him should he forfeit the liberty and immunity conditionally secured to him by the order. That a convict having only a short time remaining of his sentence would make an unwise choice by accepting such probation upon onerous conditions for a breach of which he might years after be remanded to complete his sentence affords no argument against the constitutional integrity of the enactment.

We are, of course, now treating of the constitutionality of the act as here applied and not of the reviewability and correctability of an abuse of discretion by the lower court in the exercise of the authority of probation. Doubtless, in a proper proceeding, an abuse of such discretion, when occurring, would be correctable by the appellate court. Kaplan v. Hecht, 2 Cir., 24 F.2d 664. This question is not now involved.

It is also appropriate, as to this particular defendant, to make a final observation. The familiar doctrine of waiver might be invoked against his contention of injury and unlawful imprisonment, etc. He not only acquiesced in the terms and conditions of the liberty accorded him, but the grant of clemency was predicated upon his own written request duly entered and filed upon conviction. He is in no position to presently challenge the validity of the court action which he, himself, invoked and consented to. Hunt v. State, 186 Ind. 644, 117 N.E. 856; Brooks v. State, 51 Ariz. 544, 78 P.2d 498, 117 A.L.R. 925.

The order remanding appellant to custody for execution of the original sentence was proper and is here affirmed.

Affirmed.