UNITED STATES of America
v.
George Charles GUZZI.
Crim. No. 16982.

United States District Court
E. D. Pennsylvania.

Oct. 27, 1959.

Walter E. Alessandroni, U. S. Atty., Philadelphia, Pa., for plaintiff.

Sylvan H. Savadove, Philadelphia, Pa., for defendant.

CLARY, District Judge.

This is an application by defendant George Charles Guzzi for relief from a sentence of Four (4) Years imprisonment imposed upon him as a probation violator on March 7, 1958. The defendant had been indicted on November 25, 1952, under the above criminal number for transporting a stolen motor vehicle in interstate commerce from Boston in the State of Massachusetts to the State of Pennsylvania. The indictment was returned to the Court on November 28, 1952, and on the 8th day of April, 1953, upon his plea of guilty, defendant was sentenced to a period of Four (4) Years imprisonment, but the execution of said sentence of imprisonment was suspended and defendant was placed on probation for a period of Five (5) Years. This sentence was imposed despite the fact that the defendant had an unsavory record prior to that time, including a sentence to the Federal Penitentiary at Chillicothe, Ohio, for committing the same offense, to wit: interstate transportation of a stolen automobile. After being placed on probation, defendant desired to return to Massachusetts and supervision of his case was transferred to the Probation Office of the United States District Court for the District of Massachusetts. In November of 1955, with the approval of the Chief Probation Officer, the case was transferred for supervision to the District of New Hampshire, where defendant had obtained work. As work became slack in New Hampshire, again with the approval of the Chief Proba-

tion Officer, supervision of the case was transferred to Florida on September 4, 1956, by the New Hampshire Probation Office. Jurisdiction of the case has never been transferred from this District.

On July 25, 1957, in Miami, Florida, defendant was arrested on 5 counts for passing worthless checks. After appearing before a Justice of the Peace, defendant was ordered to make restitution of $350, which was apparently accomplished and no further action was taken. However, the defendant immediately thereafter left the District of Florida, without permission, and traveled to Detroit, Michigan. Defendant returned to Miami, Florida, and on October 1, 1957 he was once again arrested on a bad check charge. Defendant had in his possession at the time of arrest a number of uncashed checks which had been executed by him. On November 14, 1957, in Dade County, Florida, he appeared before Judge Ben C. Willard and was sentenced to One (1) Year in the State Penitentiary. However, the sentence was vacated after he made restitution of $100 and Court costs. He again absconded from supervision and on December 23, 1957, a warrant was issued by this Court for defendant's arrest for violation of probation. On or about January 19, 1958, in Birmingham, Alabama, he was taken into custody on a vagrancy charge, turned over to Federal Authorities and subsequently returned to this District under the warrant previously issued for his arrest. It developed subsequently that in the Middlesex Superior Court in Cambridge, Massachusetts, defendant was indicted in February of 1958 on 20 counts of Forging and Uttering and 10 counts of Larceny for offenses alleged to have taken place in Waltham, Massachusetts, during December of 1957. Additional indictments were also returned against the defendant by the March 1958 Term Grand Jury for that County for Forging and Uttering (2 counts) and Larceny (less than $100.) alleged to have taken place at Watertown, Massachusetts, on December 16, 1957.

After the parole violation hearing on March 7, 1958, defendant's attorney, Sylvan H. Savadove, Esquire, filed a petition for reconsideration of sentence, and a rehearing was held on March 12, 1958. At that hearing defendant's attorney earnestly requested the Court to reconsider the sentence on the basis that defendant had informed him that he (defendant) had been advised by his family that restitution for the Massachusetts peculations would be made by members of his family, that defendant had an opportunity to re-establish himself as a decent citizen in that area, and asked the Court to give him one more chance. The Court advised defendant and his attorney that should these assertions turn out to be a reality, the Court would very definitely consider a very substantial reduction in sentence. After waiting several weeks, however, defendant's attorney advised the Court that no progress had been made toward the solution suggested in open court, and the Court thereupon on May 7, 1958 denied the petition for reconsideration of sentence.

The matter is presently before the Court upon the application of the defendant, made without the benefit of counsel, under Rule 35 of the Federal Rules of Criminal Procedure, 18 U.S.C., and Section 2255 of Title 28 United States Code, based entirely upon the assertions by the defendant that since he had been 4 years and 11 months on probation before the imposition of the sentence for violation of probation he was entitled to credit for the time that he had spent on probation against the 4-year term, and that the 4-year sentence imposed on March 7, 1958 was entirely invalid and he is entitled to immediate release.

Defendant here argues that probation supervision is identical with imprisonment and that he is entitled to full credit for the time spent on probation. This is not and never has been the law. It has been settled since the case of Kaplan v. Hecht, 2 Cir., 1928, 24 F.2d 664, that the period during which a defend-

ant was on probation after suspension of sentence need not be credited on execution of sentence of imprisonment, imposed on revocation of probation. Accordingly, the Court enters the following

Order

And now, to wit, this 27th day of October, 1959, upon consideration of the petition of George Charles Guzzi for vacation of sentence filed pursuant to Rule 35 of the Federal Rules of Criminal Procedure and Title 28 U.S.C., § 2255, it is Ordered, Adjudged and Decreed that said petition be and it is hereby Denied.