289 So.2d 645

**Ulyss Eugene WEATHINGTON**

v.

**CITY OF BIRMINGHAM.**

**6 Div. 603.**

Court of Criminal Appeals of Alabama.

Nov. 13, 1973.

Rehearing Denied Dec. 11, 1973.

William Conway, Birmingham, for appellant.

William C. Walker and Larry H. Warren, Birmingham, for the City of Birmingham.

TYSON, Judge.

Appellant, Ulyss Eugene Weathington, petitioner below, takes this appeal from a judgment of the Circuit Court of Jefferson County, Alabama, following a hearing, in which petitioner's release from custody on habeas corpus was denied.

On March 7, 1973, Weathington entered guilty pleas in the Recorder's Court of Birmingham before Recorder's Judge T. M. Smallwood, involving several misdemeanor charges, which were: Driving while Intoxicated, Public Drunkenness, No Automobile Tag, No Drivers License, and Carrying a Concealed Weapon. All these charges arose out of an incident which occurred at the Gateway Mall on March 6, 1973, at which Police Officer Johnny Cooley observed the appellant driving his automobile in the parking lot of this shopping center, and then arrested him on the charges indicated.

At trial in Recorder's Court, before Judge Smallwood, Weathington was represented by retained counsel, Mr. John Golden.

Weathington did not appeal these convictions, but applied for probation, which was granted (three years), and was directed to seek and obtain treatment for an alcohol problem, and to pay a fine of $400.00, assessed payable $5.00 per week until paid in full.

On May 29, 1973, appellant was tried and convicted on some additional misdemeanor charges in Recorder's Court. On June 4, 1973, Judge T. M. Smallwood held a hearing on the question of the revocation of appellant's probation, at which the ap-

pellant was represented by Attorney William Conway, and was found to be in violation of the terms of his probation, and such was revoked. At this same hearing, appellant sought to tender appeal bonds to the Recorder's Court Judge from the original convictions, which took place on March 7, 1973. These appeal bonds were rejected as being filed too late.

Appellant next filed his petition for writ of habeas corpus in the Circuit Court, which was heard by the Honorable E. C. Watson, Jr., on June 6, 1973, and following a full hearing, the writ was denied.

I

Appellant, at the hearing before Judge E. C. Watson, Jr., sought to establish that the five judgments of conviction, rendered in Recorder's Court by Judge T. M. Smallwood, on March 7, 1973, were void because it was alleged that no evidence was taken by Judge Smallwood at the hearing in which the guilty pleas were taken. Further, it was alleged that the record did not reflect a colloquy between the trial judge and the appellant to show compliance with Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274.

At the hearing, Judge Watson examined the record from Recorder's Court of the hearing on March 7, 1973, and also called Judge Smallwood and Attorney John Golden. Both of them testified that the matter had been heard by Judge Smallwood on recommendation of the city attorney and Attorney Golden, representing the appellant, and that the five guilty pleas were entered based upon understanding which had been worked out between them after consulting the appellant. Additionally, Recorder's Clerk Oscar Stillwagon testified at the habeas corpus proceeding as to the usual practice and custom before Judge Smallwood in taking guilty pleas, and that the trial judge did inform the appellant as to his rights before accepting the pleas. Appellant testified that he had been called before Judge Smallwood and that his attorney had "worked things out" but that since

"he was a man of limited education" he did not fully comprehend everything.

Appellant's counsel exhibited to Judge Watson the appeal bonds, which he sought to have filed by Judge Smallwood on June 4, 1973, at the hearing at which the probation had been revoked, and insisted that the Recorder's Court Judge Smallwood erred in not accepting appellant's appeal bonds at that time.

Title 37, Section 587, Code of Alabama 1940, in pertinent part, reads as follows:

"In any case . . . tried before the recorder . . . the defendant may take an appeal to Circuit Court . . . by giving bond . . . payable to the city, to be approved by the recorder or officer trying the case . . . but unless such bond be given within five days from the date of the judgment, no appeal shall be allowed from such judgment . . . ."

In examining this record, it is apparent that the appellant did not tender appeal bonds to Judge Smallwood until June 4, 1973, which was at the hearing wherein appellant's probation was revoked. This was almost three months after the original hearing wherein the guilty pleas were entered on March 7, 1973. Clearly, therefore, Judge Smallwood properly did not allow these appeals to be resurrected at this time. Code, supra.

In hearing a habeas corpus petition, directed to a proceeding in Recorder's Court, the former Court of Appeals, through its then Presiding Judge Harwood, in Howard v. City of Bessemer, 40 Ala.App. 317, 114 So.2d 158, stated:

"This petitioner is held in custody by virtue of a final judgment of Recorder's Court of the City of Bessemer. That court had jurisdiction of the subject matter and of the accused, and its judgment is on its face regular. Under these conditions, our review cannot go into the sufficiency of the evidence to support the judgment. This is a matter to be considered on appeal. In other words, our review is confined to jurisdictional matters only. Ex parte Bizzell, 112 Ala. 210, 21 So. 371; Benson v. State, 124 Ala. 92, 27 So. 1."

As stated by our Supreme Court through Justice Stakely in Griffin v. State, 258 Ala. 557, 63 So.2d 682, in discussing habeas corpus review:

"Without question it appears that the proceedings and conviction under which the petitioner is held are of a court of competent jurisdiction and are regular on their face. Accordingly it is not allowable to impeach the court's jurisdiction by parol testimony. In order to impeach such proceedings on habeas corpus, invalidity must appear on the face of the proceedings. Vernon v. State, 240 Ala. 577, 200 So. 560; Johnson v. Williams, 244 Ala. 391, 13 So.2d 683."

Further, as stated by our Supreme Court in Kenne v. Wiman, 274 Ala. 219, 147 So.2d 817, through Mr. Justice Merrill:

"Where the court proceeding and the conviction under which the prisoner is held are of a court of competent jurisdiction and are regular on their face, and no invalidity appears on the face of the proceedings, the petition for the release of the prisoner in a habeas corpus proceeding is properly denied. Griffin v. State, 258 Ala. 557, 63 So.2d 682; Johnson v. Williams, 244 Ala. 391, 13 So.2d 683; Vernon v. State, 240 Ala. 577, 200 So. 560; Hable v. State, 41 Ala.App. 398, 132 So.2d 271, cert. denied, 368 U.S. 883, 82 S.Ct. 136, 7 L.Ed.2d 83." See also Edwards v. State, 274 Ala. 561, 150 So.2d 709.

It is clear in reviewing this record that the Recorder's Court proceedings are regular on their face, and no invalidity appears thereon; also that court had jurisdiction of the subject matter and the petitioner; hence, the Circuit Court properly denied the habeas corpus petition in the instant case.

■ As the former Court of Appeals observed in Hable v. State, supra, per Harwood, P. J.:

" 'The writ of habeas corpus cannot be used to replace a writ of error, or an appeal. Nor can the writ be used to correct errors in a judgment if the jurisdiction of the court rendering the judgment is without question. The writ is against void but not irregular or voidable judgments. Howard v. City of Bessemer, 40 Ala.App. 317, 114 So.2d 158.' "

## II

Appellant, through his attorney, asserts here that the placing of appellant on probation tolled the time provided for taking appeals from the Recorder's Court to the Circuit Court, Title 37, Section 587, Code of Alabama 1940; hence, the Circuit Court should have construed this proceeding as an "appeal."

■ As observed by the former Court of Appeals, through Simpson, J., in Persall v. State, 31 Ala.App. 309, 16 So.2d 332:

" . . . A probation is subject to rejection or acceptance by the convict. He has an unfettered election in that regard, and the court order is not effective or operative until it has been accepted by him. If he prefers to serve out his sentence, as originally imposed upon him, to a suspension of it by subjecting himself to the conditions nominated in the probation, he had the clear right to do so. But if he elects to accept the probation, and avails himself of the liberty it confers, he must do so upon the conditions upon which alone it is granted to him. One of these conditions is that his sentence shall continue in fieri, and that the State shall have the power to execute it in full upon him should he forfeit the liberty and immunity conditionally secured to him by the order . . . . "

Further, in Hamilton v. State, 43 Ala. App. 192, 186 So.2d 108, cert. denied 279 Ala. 687, 186 So.2d 114, the Court observed:

"Probation does not operate to alter or set aside judgment. Judgment and sentence remain in full force. Execution of judgment is merely suspended."

■ It is clear, therefore, that by the acceptance of probation on March 7, 1973, appellant's sentence was not suspended; hence, the time for taking appeal was properly computed, i. e., five days.

## III

Finally, appellant asserts that the placing of appellant on probation for a period of three years is unconstitutional.

Volume 14B, Appendix, Section 1567(12) (Act No. 1361, Acts of Alabama 1971, Regular Session), in pertinent part reads:

"All recorders courts of municipalities now having or hereafter having a population of 250,000 or more according to the last or any subsequent federal census may suspend execution of sentence and place on probation, as herein provided, any person convicted in said recorders court."

Volume 14B, Appendix, Section 1567(16), says in pertinent part:

"The period of probation or suspension of execution of sentence shall be determined by the court and may exceed the length of the sentence and such period may be extended by the court but shall not exceed a period of three years from date of sentencing . . . . "

■ Under the criteria set forth by our Supreme Court for determining whether an act is a general or local law, passed under the guise of a general law, we find that the act in question is a general law, Young v. State, 283 Ala. 676, 220 So.2d 843, as it applies to all Recorder's Courts of municipalities having a population of 250,000 or more.

■ Further, to warrant a court in decreeing a statute void, its invalidity must

be distinctly pointed out. Cooper v. Hawkins, 234 Ala. 636, 176 So. 329.

Here, the alleged unconstitutionality of this act was not raised in the trial court. As stated in Williams v. City of Birmingham, 41 Ala.App. 208, 133 So.2d 713, cert. denied 272 Ala. 671, 133 So.2d 718, "We are not at liberty to consider a question which was not raised below."

▮ There is no evidence or pleading pertaining to this issue in the record. Therefore, there is nothing for this Court to review on this alleged error. Williams v. State, 291 Ala. 505, 282 So.2d 905.

It therefore follows that the judgment of the trial court, in denying appellant's habeas corpus petition, was in all respects proper, and the judgment is therefore

Affirmed.

All the Judges concur.