The appellant, Esker Cannon, Jr., pleaded guilty to the offense of criminally negligent homicide on June 11, 1992. On June 26, 1992, the trial court sentenced him to 365 days in jail and ordered him to pay a $2,000 fine, a $50 victims' compensation assessment, $2,846.90 in restitution, court costs, and attorney fees. The record indicates that at the time of sentencing the appellant was entitled to approximately nine and one-half months' credit for time served, leaving approximately two and one-half months on the 365-day sentence imposed by the trial court.
Immediately following imposition of sentence, the trial court ordered that the appellant be released on July 8, 1992, and placed on two years' supervised probation. The appellant, through counsel in open court, declined probation. Nevertheless, the trial court stated that it would impose a sentence of probation "anyway." The appellant appeals the trial court's decision and states as his sole issue the following: "May the trial court lawfully impose a sentence of probation upon a defendant who declines to accept it?"
The appellant contends that the right to refuse or accept probation in Alabama was recognized in Persall v. State,31 Ala. App. 309, 16 So.2d 332 (1944). In that case, the Court of Appeals was asked to decide whether a convict, who had been returned to custody as a result of the revocation of his probation, was entitled to credit on his original sentence for time spent on probation. In deciding that he was not so entitled, the Court of Appeals applied the rationale and language of Fuller v. State, 122 Ala. 32, 26 So. 146 (1899). InFuller, the Alabama Supreme *Page 239 
Court addressed a similar question with respect to time spent on conditional parole, and it determined that a convict was not entitled to credit against his original sentence for the time he had served on parole prior to his return to custody. Although the Fuller decision was later in effect modified by statute, Code 1940, Title 42, Section 7, rendering the Fuller
reasoning inapplicable to a convict whose parole has been revoked, the Persall court found that the rule in Fuller "still controls" the question of credit for a convict with revoked probation because "in principle a convict with revoked probation, under our present probation law, is of the same status as was a convict with revoked parole, under the then existing law, when the Fuller case was rendered."31 Ala. App. at 312, 16 So.2d at 334. Thus, the Court of Appeals utilized portions of the Fuller decision, substituting the word "probation" for "parole," as follows:
 "A probation is subject to rejection or acceptance by the convict. He has an unfettered election in that regard, and the court order is not effective or operative until it has been accepted by him. If he prefers to serve out his sentence, as originally imposed upon him, to a suspension of it by subjecting himself to the conditions nominated in the probation, he has the clear right to do so. But if he elects to accept the probation and avails himself of the liberty it confers, he must do so upon the conditions upon which alone it is granted to him. One of these conditions is that his sentence shall continue in fieri, and that the State shall have the power to execute it in full upon him should he forfeit the liberty and immunity conditionally secured to him by the order. That a convict having only a short time remaining of his sentence would make an unwise choice by accepting such probation upon onerous conditions for a breach of which he might years after be remanded to complete his sentence affords no argument against the constitutional integrity of the enactment."
31 Ala. App. at 313, 16 So.2d at 335 (emphasis added).
The state argues that the first two sentences of the above-quoted passage do not confer upon the appellant the right that he suggests. Specifically, the state contends that "the Court in its reasoning did not utilize the statement that probation is subject to rejection or acceptance by the convict to decide the issue and therefore said portion of the opinion is dictum." We are convinced, however, that the principle espoused in the first two sentences was necessary to thePersall court's holding and survives today to vest in a convict the right to accept or reject probation. Central to the Persall
court's holding is the idea that a convict is bound to the conditions of his probation because of his acceptance of those terms in exchange for his conditional freedom. The Court of Appeals clearly recognized that it was the convict's decision to accept probation, and not the trial court's offer of probation that subjected him to the particular condition which suspended his entire sentence during the term of probation. Indeed, the court went so far as to say that, in some cases, a convict would make an "unwise choice" by accepting probation when only a short time remained on his prison term. Persall,31 Ala. App. at 313, 16 So.2d at 335. See also 24 C.J.S. CriminalLaw § 1556(a), at p. 148 (1989) (footnotes omitted) (recognizing that an "[a]ccused has the right to reject the conditions [of probation], and the conditions imposed are not binding on accused unless he accepts them; but if he does accept them, he must comply with them, and cannot thereafter challenge their validity").
More recently, this court, in Markley v. State,507 So.2d 1043 (Ala.Cr.App. 1987), implicitly reaffirmed the Persall
principle quoted above. In Markley, a priest who had been convicted of burglary in the second degree and of criminal mischief in the first degree in connection with anti-abortion protests argued that one of the conditions of his probation violated his First Amendment rights. The condition limited his right to participate in anti-abortion picketing in front of abortion clinics. In rejecting his argument, this court quoted the Persall language at issue in the instant case and then held that "by accepting the conditions of probation as tendered in circuit court . . ., the appellant must be bound by its terms,"507 So.2d at 1050. See also Weathington v. City ofBirmingham, *Page 240 52 Ala. App. 77, 289 So.2d 645, 648 (1973), cert. denied,292 Ala. 757, 289 So.2d 649 (1974) (wherein the court quoted thePersall language and noted the appellant's "acceptance of probation"); Ramsey v. City of Huntsville, 42 Ala. App. 603,172 So.2d 812, 816 (1965) (wherein the court, while reversing on other grounds, quoted the pertinent Persall language and noted the defendant's right to refuse probation).
We note that our recognition of the convict's unfettered right to accept or reject probation does not interfere with the trial court's absolute discretion in determining whether to grant or deny a request for probation. See German v. State,492 So.2d 622 (Ala.Crim.App. 1985). Nor does it infringe upon the trial court's discretion in determining the appropriate conditions for probation. See Bowers v. State, 565 So.2d 1203
(Ala.Crim.App. 1990). Our holding merely recognizes a convict's right to reject the trial court's offer of probation if he or she deems it to be more onerous than a prison sentence.
Accordingly, the judgment is reversed and the cause remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
BOWEN, P.J., and McMILLAN, J., concur.
TAYLOR, J., dissents with opinion.
MONTIEL, J., dissents without opinion.