BASCHAB, Judge.
The appellant, Ralph Thompson, pled guilty to theft in the second degree. The appellant had one prior felony and was sentenced under the Habitual Felony Offender Act. The range of punishment for the appellant was from two to twenty years in prison. The trial court sentenced the appellant to ten years in prison, but split the sentence to three years followed by three years of probation. The appellant objected to the split sentence.
Both the appellant and the State argue that the trial court could not sentence the appellant to probation without the appel *861 lant’s acceptance of probation. Both parties rely on Cannon v. State, 624 So.2d 238, 239 (Ala.Cr.App.1993), in which we stated that “ ‘[a] probation is subject to rejection or acceptance by the convict. He has an unfettered election in that regard, and the court order is not effective or operative until it has been accepted by him.’ ” (quoting Persall v. State, 31 Ala.App. 309, 16 So.2d 332, 335 (Cr.App.1944)).
We agree. Having searched the record, we can find no acceptance of a sentence of probation by the appellant. Because the appellant rejected the trial court’s offer of probation, we remand this case and instruct the trial court to resentence to a sentence within the statutory range of punishment. Such new sentence by the trial court shall not include a period of probation, unless the appellant indicates at the time of resentenc-ing that he accepts probation. A return to remand shall be filed with this Court within 42 days of the date of this opinion. The return to remand shall include a transcript of the sentencing proceedings conducted by the trial court.
REMANDED WITH INSTRUCTIONS. *
All the Judges concur.

 Note from the reporter of decisions: On September 26, 1997, on return to remand, the Court of Criminal Appeals affirmed, without opinion.