BASCHAB, Judge.
The appellant, Orlando F. Ford, was charged with trafficking in marijuana. Pursuant to a negotiated agreement, he pled guilty to first-degree unlawful possession of marijuana, a violation of § 13A-12- *1125 213, Ala.Code 1975, and stipulated that he had one prior felony conviction. The trial court sentenced him to serve five years in prison, but split the sentence and ordered him to serve 30 months in prison and the remainder on probation. The trial court also ordered him to pay a $2,000 fine pursuant to § 13A-12-281, Ala.Code 1975. This appeal followed.
The appellant argues that the trial court erred when it ordered him to serve a split sentence because he had indicated that he did not wish to be considered for probation or for a split sentence.
“ ‘A probation is subject to rejection or acceptance by the convict. He has an unfettered election in that regard, and the court order is not effective or operative until it has been accepted by him. If he prefers to serve out his sentence, as originally imposed upon him, to a suspension of it by subjecting himself to the conditions nominated in the probation, he has the clear right to do so.’ ”
Cannon v. State, 624 So.2d 238, 239 (Ala.Cr.App.1993) (quoting Persall v. State, 31 Ala.App. 309, 313, 16 So.2d 332, 335 (1944)) (emphasis added in Cannon). Prior to sentencing, defense counsel stated, “Judge, before sentence is imposed in this case, Mr. Ford has indicated to me he wishes not to be considered for a split sentence.” (R. 18.) After the trial court had ordered the appellant to serve a split sentence, the following exchange occurred:
“[Defense counsel]: Judge, in this case I specifically did not ask for probation because I knew the charge that he had been charged with and I knew that we did not wish him to be considered for probation or a split sentence.
“The Court: The sentence was up to the discretion of the court and the court has issued its sentence and would not change that. Thank you.”
(R. 20-21.) Because the appellant did not accept the trial court’s offer of probation, we must remand this case to allow the trial court to resentence the appellant. On remand, the trial court shall not order probation unless the appellant indicates that he is willing to accept it. The trial court shall take all necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 42 days of the release of this opinion. The return to remand shall include a transcript of the remand proceedings, if any, conducted by the trial court.
REMANDED WITH DIRECTIONS. 
LONG, P.J., and McMILLAN, COBB, and FRY, JJ., concur.