BURKE, Judge.
On September 1, 2011, Roderick Earl Goodson pleaded guilty to third-degree burglary, a violation of § 13A-7-7, Ala. Code 1975. On September 28, 2011, Good-son was sentenced to 10 years in prison. The trial court split that sentence, ordering that after Goodson served three years in the state penitentiary, the balance of the sentence would be suspended, and Good-son would be placed on supervised probation for five years “in any State that will accept his supervision.” (C. 27.) At the sentencing hearing, the trial court explained that Goodson “is to move from Alabama when he is released from incarceration.” (R. 19.) On October 13, 2011, Goodson filed a motion titled “Rejection of Probationary Status and Motion to Reconsider Sentence.” In that motion, Goodson stated that he “specifically rejects any probation or split sentence.” (C. 32.) On October 17, 2011, the trial court denied Goodson’s motion. Goodson then appealed his sentence to this Court.
On appeal, Goodson contends that the trial court exceeded its discretion by denying his motion to reject his sentence. The State agrees with Goodson and requests that this case be remanded to the trial court.
In Cannon v. State, 624 So.2d 238 (Ala.Crim.App.1993), this Court stated that “ ‘[a] probation is subject to rejection or acceptance by the convict. He has an unfettered election in that regard, and the court order is not effective or operative until it has been accepted by him.’ ” 624 So.2d at 239 (quoting Persall v. State, 31 Ala.App. 309, 313, 16 So.2d 332, 335 (1944)). In Thompson v. State, 706 So.2d 860 (Ala.Crim.App.1997), and Ford v. State, 758 So.2d 1124 (Ala.Crim.App.1999), this Court recognized that that rule applies to split sentences.
“If [a probationer] prefers to serve out his sentence, as originally imposed upon him, to a suspension of it by subjecting himself to the conditions nominated in the probation, he has the clear right to do so. But if he elects to accept the probation and avails himself of the liberty it confers, he must do so upon the conditions upon which alone it is granted to him. One of these conditions is that his sentence shall continue in fieri, and *806 that the State shall have the power to execute it in full upon him should he forfeit the liberty and immunity conditionally secured to him by the order.”
Persall v. State, 31 Ala.App. 309, 313, 16 So.2d 332, 335 (1944). Moreover, “[pjrobation does not operate to alter or set aside judgment. Judgment and sentence remain in full force.” Hamilton v. State, 43 Ala.App. 192, 197, 186 So.2d 108, 114 (1965).
In the present case, we have searched the record, and we can find no acceptance of the sentence by Goodson. Therefore, the trial court exceeded its discretion by denying Goodson’s timely motion. Based on the foregoing, this case is remanded for proceedings consistent with this opinion.
REMANDED WITH INSTRUCTIONS 
WINDOM, P.J., and WELCH, KELLUM, and JOINER, JJ., concur.